## 61393. DAVIS v. THE STATE.
## 61394. JACOBS v. THE STATE.
## 61507. HALL v. THE STATE.

SHULMAN, Presiding Judge.

Defendants appeal their convictions of burglary, asserting error in the trial court's denial of their motions to suppress on the ground that the evidence obtained from the search and seizure was the "fruit" of an illegal arrest. For the reasons set forth below, we reverse.

The facts of the instant cases are strikingly similar to the facts of *McKinney v. State,* 155 Ga. App. 930 (273 SE2d 888). The circumstances leading to the arrest of the defendants are as follows: State witness Terry Skinner saw a Cadillac automobile in the driveway of the residence of a Mr. Deal (with whom he was not personally acquainted). He saw one individual (a black male) inside the automobile and another (also a black male) standing under the carport. He then drove around the block, returned to the area of the residence, saw the vehicle coming out of the driveway, copied down the tag number of the vehicle, and contacted the State Patrol. The State Patrol then placed a lookout for the Cadillac with the local police department, stating in the lookout that the occupants of the automobile were wanted for burglary. The arresting officer spotted a vehicle fitting the description of the lookout, pulled the vehicle over, immediately drew his gun on the occupants, got them out of the automobile, and called for a backup unit.

The state does not dispute the fact that at that point the defendants were under arrest. The state acknowledges that the legality of the search and seizure of the defendants' automobile is dependent upon the legality of the defendants' arrests.

Although it is not our intention to inhibit zealous law enforcement, we simply can find no justification for the arrest of the defendants. Even assuming there was articulable suspicion to stop the vehicle, the state has failed to demonstrate probable cause for the coincident arrest of the defendants. The only substantive "evidence" going to the issue of probable cause was Mr. Skinner's observation of the defendants in the driveway of a residence in a "white" neighborhood (which was Mr. Skinner's explanation for his suspicion). That does not amount to probable cause for an arrest on charges of burglary. See, e.g., *Hill v. State,* 140 Ga. App. 121 (3) (230 SE2d 336); *Forehand v. State,* 130 Ga. App. 801 (2) (204 SE2d 516). The denial of defendants' motions to suppress was therefore error. Since we have reversed the judgments against defendants for the reasons stated above, we need not address the additional grounds for reversal raised by appellants Davis and Hall.

*Judgments reversed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED APRIL 9, 1981.

*Lynn W. Wilson,* for appellant (case no. 61393).
*William D. Lindsey,* for appellant (case no. 61394).
*Grace W. Thomas,* for appellant (case no. 61507).
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.