## A90A2222. DeLOACH v. THE STATE.
### (403 SE2d 866)

COOPER, Judge.

This appeal arises from the trial court's denial of appellant's motion for substitute counsel, brought by appellant after the denial of his motion for new trial on the grounds that his court-appointed attorney, who represented appellant at trial and at the hearing on his motion for new trial, was ineffective.

Appellant, represented by a court-appointed attorney, was convicted by a jury of conspiracy to commit murder and violation of the Georgia Controlled Substances Act. His attorney filed a motion for new trial on appellant's behalf and represented appellant at the hearing on the motion for new trial. The trial court denied appellant's motion for new trial and extraordinary motion for new trial on May 29, 1990. In a letter dated June 4, 1990, to his attorney, appellant discharged his attorney from all further representation in matters relating to appellant's case. In another letter, also dated June 4, 1990, appellant informed the trial judge that he was dismissing his attorney and that he was filing motions for assignment of substitute counsel and an amended motion for new trial. The trial judge responded to appellant by letter dated June 12, 1990, and explained that if appellant discharged his court-appointed attorney, he would have to either employ his own counsel, represent himself, or request another court-appointed attorney and give the reasons for the request. On June 14, 1990, appellant, acting pro se, filed a Motion for Assignment of Substitute Counsel; Motion for Assignment of Substitute Appellate Counsel, and an Amendment to Motion for New Trial; Motion for Evidentiary Hearing. On July 10, 1990, the trial court denied appellant's motion in an order which stated: "The indigent defendant having discharged his appointed counsel without leave of court and without invoking the court's discretion on whether a substitute counsel should be appointed and subsequent to the denial of his Motion for New Trial and Extraordinary Motion for New Trial, it is, therefore, ordered and adjudged that his Motion for Substitute Counsel be denied." Appellant filed a timely notice of appeal from the entry of that order.

We note at the outset that "[a]n indigent defendant is entitled to representation by counsel on appeal as well as at trial. [Cits.]" *Cochran v. State*, 253 Ga. 10, 11 (315 SE2d 653) (1984). The substance of appellant's motion for substitute counsel was that his court-appointed counsel was ineffective in violation of the United States and Georgia Constitutions. "[W]here a defendant does not seek new representation on the basis of ineffectiveness of his appointed counsel, it is generally not error to deny the request, the defendant having 'no right to pick or choose his court-appointed attorney.' [Cit.] When,

however, the issue of the effectiveness of appointed counsel is raised, it would appear that the trial court, in order to insure that the defendant's Sixth Amendment right has been and will continue to be afforded, should conduct 'a hearing as to the basis of the defendant's motion for appointment of new counsel. (Cits.)' [Cit.]" *Heard v. State*, 173 Ga. App. 543 (1) (327 SE2d 767) (1985). It appears from the record that the trial judge did not adequately inquire into the nature of appellant's allegations of ineffective assistance of counsel by conducting a hearing. Furthermore, the trial court did not rule on appellant's motion until the time for filing a notice of appeal from the denial of his motion for new trial had expired, thus effectively denying appellant an attorney who could file a notice of appeal from the denial of his motion for new trial. We conclude that the trial court's failure to conduct a hearing on appellant's claim of ineffective assistance of counsel was error and remand the case to the trial court for such a hearing to be conducted. Following the hearing, appellant is granted leave to file a new appeal within 30 days of any ruling by the trial court which is adverse to him. *Heard v. State*, supra.

*Case remanded with direction. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 7, 1991.

Kenneth DeLoach, *pro se.*

Jack O. Partain III, District Attorney, Kermit N. McManus, *Assistant District Attorney*, for appellee.