A93A1844. HUNT v. THE STATE.
(441 SE2d 514)

BEASLEY, Presiding Judge.

The trial court allowed appellant to plead guilty to an indictment charging him with burglary, while reserving his right to appeal the denial of his motion to suppress. See *Springsteen v. State*, 206 Ga. App. 150 (424 SE2d 832) (1992); *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

A sheriff's deputy testified that on the morning in question he received a radio report of a burglary from county employee Yeoman. He stated that he had observed a black male run from behind a trailer, enter a pickup truck occupied by two other black males, and leave. Yeoman described the truck, the men, the road on which this truck was traveling, and its direction. The report was corroborated by two inmates working with Yeoman.

A lookout was posted, and the owner of the trailer was contacted by telephone. He stated that the front and back doors were locked when he left to go to work that morning; the deputy found the back door unlocked. The truck carrying appellant and the two others was thereafter stopped by city police responding to the lookout. The police patted them down and handcuffed them. The deputy and Yeoman went to the scene of the stop and Yeoman identified the truck and its occupants. They were taken to jail, and the truck was towed there and searched. Items found in the truck were soon thereafter identified by the owner as having come from the trailer.

Appellant moved to suppress the fruits of the search and any statements obtained from him or the passengers of the truck.[1] He contended that the stop was without reasonable and articulable facts to warrant any suspicion that he had committed a crime, the search of the vehicle was without probable cause, and the arrest was based on the illegal search. After hearing, the court denied the motion, having found that at the time the truck was stopped and appellant arrested, there was probable cause to believe defendant had committed burglary. This was based on the deputy's testimony that, prior to appellant's truck being stopped, the deputy had discovered that the back door of the trailer was unlocked although the owner had stated he left it locked.

Under the facts of this case, there was no probable cause for an arrest of appellant at the time the police officers effected it.

When an officer operating under exigent circumstances posts a lookout, the arresting officer "need not personally be aware of all the facts which would support a probable cause determination so long as it can be established by evidence that the [arresting] officer's actions were the end result of a chain of information-sharing, one link of which is an officer in possession of the 'information requisite to support an independent judicial assessment of probable cause.' [Cit.]" *Parker v. State*, 161 Ga. App. 37, 39-40 (4) (288 SE2d 852) (1982). In this case, there is no evidence that at the time the lookout was posted, the deputy possessed information requisite to support a probable-cause determination. See *Davis v. State*, 158 Ga. App. 271 (279 SE2d 720) (1981). Under the rule stated in *Parker*, his subsequently obtained knowledge cannot be imputed to the arresting officer.

However, the fact that the officers at the stop exceeded their lawful authority by arresting appellant through handcuffing him, rather than merely detaining him and patting him down, did not taint the search of the truck.

---

[1] There is no evidence of any statements made by appellant. On appeal, he does not make reference to any statements, but only argues that the articles seized as a result of the search are inadmissible.

The stop of the truck was supported by reasonable and articulable suspicion, *Montgomery v. State*, 204 Ga. App. 534, 536 (2) (420 SE2d 67) (1992), although under *Davis* it was not supported by probable cause. Pursuant to the investigative stop, the police were authorized to detain it briefly. By the time police seized appellant's truck by towing it to the jail, the deputy and Yeoman had appeared on the scene and established probable cause both to arrest appellant and search the truck. Under these circumstances, the fact that appellant was handcuffed prematurely did not invalidate the seizure and search of the truck. It was the product of a valid investigative stop and not an illegal arrest. For these reasons, *Davis* is distinguishable.

"Although the trial court did not deny appellant's motion on this basis, a trial court's ruling will be affirmed if it is right for any reason. [Cit.]" *Gamble v. State*, 194 Ga. App. 765, 767 (1) (391 SE2d 801) (1990). Thus, the trial court did not err by denying appellant's motion to suppress.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 28, 1994.

*Lynn W. Wilson*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.