## A98A1003. HANSON v. THE STATE.
### (501 SE2d 865)

ELDRIDGE, Judge.

Glenda Hanson appeals a Gilmer County jury verdict finding her guilty of 11 felony counts of theft by taking through a breach of her fiduciary obligations as an assistant manager of Papa's Pizza in Elijay. We affirm.

The evidence in this case necessarily involved the business practices of Papa's Pizza and required detailed explanations thereof, including the workings of the company's computer cash register and accounting methods. To that end, numerous receipts, cash register tapes, sales orders, etc., were introduced as exhibits. Also, Papa's Pizza owner Jerry Angel explained to the jury the functions of the "Z" and "X" keys on the computer cash register; how to read the time and date-stamped register tapes in relation to the function the register was performing at any one time; the accounting methods used; and various other business practices employed at Papa's Pizza.

In addition, Angel testified that because of reduced revenues on Mondays and Tuesdays, he became suspicious that someone was taking money on those days. On October 10, 1995, Angel performed a covert surveillance of his business. He testified as to his personal observations during this surveillance, including the number of sales made, times of sales, Hanson's contacts with the cash register in relation to numbers and times of sales, and the contents of the register tapes in relation to times and sales made. In that regard, Angel testified that "[e]very time a customer came in and paid, those sales were rang up on the register. At a point in time between around 1:30 in the afternoon that register was zeroed out, it was set to zero. The Z tape and all the transactions prior to that was tossed and the register started up again or else it would not have balanced starting with 1:47 those figures would not have balanced here."

Further, store manager Eddie Ashe testified that after suspicions centered on Hanson, who managed the store half a day on Mondays and all day on Tuesdays, Ashe arranged a "sting" operation: at approximately 2:00 p.m., he had his sister make a $2.89 purchase; she then returned it for a refund and Ashe voided the sale. The computer cash register tape noted each transaction. Ashe left at 3:00 p.m. and Hanson was in charge of the business. Ashe returned after

the store had closed at 9:00 p.m. The register tape showing the 2:00 p.m. voided sale was discovered in the trash can. Another register tape that Hanson had left with the closing paperwork showed a $2.89 voided sale at 9:17 p.m. Ashe testified that, "A reading was took. She realized there wasn't the void that had been done earlier on the machine. The void/refund, she made the refund again, entered it again so it will show up on my Z tape." Ashe testified that he referred to "she" because Glenda Hanson was the one who closed out the register that night and the paperwork was in her handwriting.

From the State's evidence, including the above, the jury determined that on eleven separate dates as alleged in the indictment, Hanson cleared to zero the running daily totals on the computerized cash register, pocketed the money received from sales up to that point, and reported only those sales that were made from the time the register was cleared until the close of business. *Held*:

1. In her first and second enumerations of error, Hanson contends that the trial court erred by allowing testimony from owner Jerry Angel and manager Eddie Ashe as specifically cited above. Hanson contends that this was improper opinion testimony that went to the existence of facts, thereby usurping the function of the jury in violation of OCGA § 24-9-65. We disagree.

To the extent that the challenged testimony actually involves "opinion" of facts, as opposed to evidence of facts based upon personal observation of activity at the store in relation to personal review of the day's receipts, we find no error. "[L]ay witnesses may relate their opinions as to the existence of a fact, so long as the opinion is based upon the witnesses' own observations, and so long as the witness cannot adequately relate those observations to the jury without also relating a personal opinion formed through such observations." *Johnson v. Knebel*, 267 Ga. 853, 856 (485 SE2d 451) (1997). Under the complicated facts of this case, there was no error.

2. In her third and fourth enumerations of error, Hanson contends that the failure to grant her motion for directed verdict was error because (a) the evidence against her was all circumstantial and (b) the evidence did not show that she was in a fiduciary relationship with the victim.

The failure to grant a directed verdict and failure to grant a new trial on the sufficiency of the evidence both involve the same analysis under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Lowe v. State*, 223 Ga. App. 172 (477 SE2d 341) (1996). Having reviewed the evidence under that standard, we find no error in the denial of Hanson's motion for directed verdict.

(a) "[E]ven if we characterize the evidentiary posture of the state's case as purely circumstantial, a jury issue was formed and we will not substitute our judgment for that of the jury. The rule as to

the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of [her] innocence. On appeal we must view the evidence in a light favorable to the verdict, and we find that the evidence is sufficient to enable any rational trier of facts to find the existence of the offense[s] charged beyond a reasonable doubt." (Citations and punctuation omitted.) *Collins v. State*, 176 Ga. App. 634, 637 (337 SE2d 415) (1985).

(b) Whether or not Hanson was in a fiduciary relationship with the victim, Papa's Pizza, is a jury question. *Cochran v. Murrah*, 235 Ga. 304, 307-308 (219 SE2d 421) (1975). We find that evidence of Hanson's position as an assistant manager, with responsibility for closing out the cash register and accounting for the money made, was sufficient for a jury to find beyond a reasonable doubt that a fiduciary relationship existed.

3. Theft by taking in breach of a fiduciary obligation is a felony offense. OCGA § 16-8-12 (a) (2). Accordingly, and pursuant to our holding in Division 2 (b) herein, the trial court did not err by imposing a felony sentence in this case.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 23, 1998 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*William S. Hardman*, for appellant.
*Roger Queen, District Attorney*, for appellee.