## A99A1599. POPE v. THE STATE.
(522 SE2d 291)

SMITH, Judge.

Gus L. Pope, Jr. was found guilty of burglary after a jury trial in 1995. A motion for new trial was filed, raising only the general grounds. At the hearing on the motion, defense counsel attempted to raise his own ineffectiveness, but was prevented from doing so by the trial court. The motion for new trial was denied, and defense counsel filed a notice of appeal. After the notice of appeal was filed, Pope filed a pro se motion in the trial court requesting that new counsel be appointed to raise the issue of ineffective assistance. This motion was denied without a hearing. The appeal raised the issue of ineffective assistance of trial and appellate counsel. Relying upon *DeLoach v. State*, 198 Ga. App. 880, 881 (403 SE2d 866) (1991), this court remanded the case to the trial court for a hearing on Pope's request for new counsel. We instructed the trial court that if the motion to replace appointed counsel was granted, a hearing should also be conducted on the issue of whether trial counsel had provided effective representation. We allowed Pope 30 days from the date of the trial court's final order on these issues to appeal his conviction and any other rulings adverse to him.

Without holding a hearing on Pope's pro se motion, the trial court appointed new counsel. A hearing was then conducted on the issue of effectiveness of trial counsel. Pope and his trial counsel both

testified. The trial court then entered an order finding that trial counsel rendered effective assistance. Pope filed this timely appeal, raising the general grounds and challenging the trial court's finding of effectiveness. We find no error and affirm.

1. Pope raises the general grounds. Construed to support the verdict, the evidence presented at trial showed that the victim, who was Pope's uncle, and his wife were away on a trip from July 7 to July 10, 1993. After returning from their trip, they discovered that their home had been broken into and jewelry worth over $4,500 had been stolen, along with some cash and coins. The victim testified that Pope was present when plans for the trip were discussed. Several witnesses testified that they either observed Pope with a large amount of jewelry or purchased jewelry from him on or about the date of the burglary.

Investigator Barbara Irby of the Monroe County Sheriff's Office testified that when the victim reported the crime, he told her he received information that Pope had been selling the stolen jewelry in a public park and gave her the names of several individuals who had bought jewelry from Pope. Based on that information, Irby located most of these people, interviewed them, and recovered a number of pieces of jewelry. She identified State's Exhibit 2 as jewelry she recovered from those individuals. She showed the jewelry she recovered to the victim, who identified the pieces as belonging to his wife.

This evidence was sufficient to authorize the jury to find Pope guilty of burglary under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Pope correctly points out that recent, unexplained possession is not automatically sufficient to support a burglary conviction. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). But it is probative evidence that must be considered, along with other evidence presented, to determine whether the jury was authorized to find Pope guilty of burglary beyond a reasonable doubt. *Slater v. State*, 209 Ga. App. 723-724 (1) (434 SE2d 547) (1993). Like *Slater*, "[t]his was not a case in which the sole evidence of guilt rests upon the inferences that may be drawn from the recent possession of stolen goods." Id. at 724. Pope was present when the victim decided to leave on a trip; he was seen selling the jewelry immediately after the burglary; and his statements to various persons about the origins of the jewelry were in conflict with each other and with those of the victim that the items belonged to his wife. One witness testified that Pope told her he obtained the jewelry from his brother, who worked at a jewelry store. Another witness testified that Pope said the items came from Griffin. Even if the State's evidence is characterized as entirely circumstantial,

a jury issue was formed and we will not substitute our judg-

ment for that of the jury. The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of [his] innocence. On appeal we must view the evidence in a light favorable to the verdict, and we find that the evidence is sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond a reasonable doubt.

(Citation and punctuation omitted.) *Hanson v. State*, 232 Ga. App. 352, 353-354 (2) (a) (501 SE2d 865) (1998).

2. Pope maintains the trial court erred in finding that his trial counsel rendered effective assistance. We do not agree.

The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency. We need not address both prongs of this test if the showing on one prong is insufficient.

(Citations and punctuation omitted.) *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997). In this case, although Pope alleges several specified instances of alleged ineffective assistance rendered by his trial counsel, we need not address these specifically. Many of the allegations made by Pope concern trial tactics and strategy, and several were disputed or explained by trial counsel. But most importantly, seven different witnesses testified to observing Pope carrying or selling jewelry that was identified by the victim as belonging to his wife almost immediately following a burglary at the victim's home. Even assuming that trial counsel's performance was deficient, it is therefore clear that Pope cannot show a reasonable probability that the outcome of his trial would have been any different but for that alleged deficiency. Id. A new trial was not warranted.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 9, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999 —

*Richard G. Milam,* for appellant.
Gus Pope, Jr., *pro se.*

*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.