## A02A0253. LANDERS v. THE STATE.
(565 SE2d 585)

JOHNSON, Presiding Judge.

Mac Landers was convicted of criminal attempt to commit burglary, possession of a firearm by a convicted felon, and carrying a concealed weapon. On appeal, he argues that the evidence was not sufficient to support the attempt to commit burglary conviction, that the trial court erred in denying his motion to suppress the firearm, and that defense counsel was ineffective for failing to object when the state offered the firearm for admission at trial. Each of these arguments is without merit, so we affirm the convictions.

1. On appeal we must view the evidence in a light favorable to the verdict, and we determine whether the evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt.[1]

So viewed, the evidence shows that the victim awoke at 3:25 a.m. when she heard someone hitting and pushing her front door. The victim looked out of her window and saw a man's shadow at the door. The man had gotten past the latched door on the screen porch. The victim immediately called police, who arrived in less than two minutes.

When the officer arrived, he saw Landers standing on the victim's lawn, facing the darkened house. No one else was in the area, and the street was quiet. According to the officer, Landers appeared to be looking for a way inside. Upon seeing the officer, Landers turned and began walking away very quickly. The officer ordered him to stop, and he did. The officer asked Landers, who lived in another part of town, what he was doing there. In a slurred mumble, Landers replied that he was looking for a party. Landers was unable to give an address for the party. And though Landers said he had relatives in the area, he was not able to give their addresses.

The officer then handcuffed Landers and conducted a pat-down search for safety. He found a fully loaded handgun and four bullets in Landers' pockets. When the officer checked the victim's house, he discovered that the screen door on the front porch had been ripped near the latch.

At trial, Landers denied having told the officer that he was looking for a party; in fact, he denied having made any statement at all to the officer. When asked on cross-examination why he did not say anything to the officer when he was stopped, Landers responded, "Well, there wasn't nothing for me to say. He had me."

---

[1] *Hanson v. State*, 232 Ga. App. 352, 354 (2) (a) (501 SE2d 865) (1998).

Landers urges that the state failed to produce any direct evidence linking him to the offense of criminal attempt to commit burglary. He contends that the fact that he was standing next to the victim's house when police arrived on the scene does not prove that he was the man who had been trying to enter the house two minutes earlier.

Even if we characterize the evidentiary posture of the state's case as purely circumstantial, a jury issue was formed, and we will not substitute our judgment for that of the jury.[2] The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excludes every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence.[3] In this case, the circumstances were sufficient to exclude every other reasonable hypothesis save that of Landers' guilt of criminal attempt to commit burglary. The evidence was sufficient to sustain the conviction.[4]

2. Landers claims the trial court erred in not suppressing the handgun found in his pocket during his detention because the officer did not have probable cause to arrest Landers at the time he effected the arrest. Landers urges that the officer had not witnessed any crime and had not even spoken to the victim before arresting him. Because the arrest was not lawful, he says, the search incident to it was unlawful. Moreover, he argues, the officer was not authorized to pat Landers down for weapons as part of a brief investigatory stop because he had no basis for believing Landers was dangerous. There was no error.

An arrest is valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officer were sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.[5] The test of probable cause requires merely a probability, less than a certainty but more than a mere suspicion or possibility, that the accused committed or was committing an offense.[6]

Given the facts encountered by the officer, a reasonable person would believe that the lone man standing in the yard at about 3:30 a.m., facing the darkened house from which the emergency call had just come, and who had no plausible explanation for being in the area, was the same man who attempted to break into the house

[2] Id. at 353 (2) (a).

[3] Id. at 353-354 (2) (a); *Pope v. State*, 240 Ga. App. 803, 804-805 (1) (522 SE2d 291) (1999).

[4] See *Ware v. State*, 198 Ga. App. 24, 26 (1) (400 SE2d 384) (1990).

[5] *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996).

[6] *Price v. State*, 270 Ga. 619, 621-622 (2) (513 SE2d 483) (1999).

moments earlier. Had the officer released Landers at that time so that police could secure a warrant, he had no assurance that he would be able to find Landers or that any inculpatory evidence Landers had with him would later be available.[7] The search was authorized pursuant to a lawful arrest.[8]

Furthermore, even if the officer had exceeded his lawful authority by arresting Landers when he did, the recovery of the weapon was lawful. A brief investigative stop of Landers was justified by a reasonable and articulable suspicion that Landers was attempting to commit a burglary.[9]

Likewise, there was evidence to justify the officer's pat-down of Landers pursuant to that stop. A law enforcement officer, for his own protection and safety, may conduct a pat-down to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted.[10] A policeman making a reasonable investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect.[11] So long as the officer is entitled to make a forcible stop and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose.[12] The question is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety was in danger.[13]

In this case, the stop occurred at about 3:30 a.m., the officer was alone on a quiet street as he attempted to investigate what appeared to be an attempted burglary, the suspect had started to leave abruptly upon seeing the officer, and the suspect was unable to give plausible answers to the officer's questions. Under these circumstances, the trial court was authorized to find that the officer's limited protective search was lawful.[14] The trial court did not err by denying Landers' motion to suppress.[15]

3. Failure to make a meritless objection cannot be evidence of ineffective assistance of counsel.[16] Inasmuch as the handgun was properly admitted, Landers' claim that trial counsel was ineffective for failing to object to its admission after the motion to suppress was denied is without merit.[17]

---

[7] See *State v. Wilson*, 179 Ga. App. 334 (346 SE2d 111) (1986).

[8] See *Davis v. State*, 203 Ga. App. 227-228 (1) (416 SE2d 771) (1992).

[9] See generally *Hunt v. State*, 212 Ga. App. 217, 219 (441 SE2d 514) (1994).

[10] *Hodges v. State*, 217 Ga. App. 806, 808 (2) (460 SE2d 89) (1995).

[11] *Thompson v. State*, 230 Ga. App. 131, 132-133 (495 SE2d 607) (1998).

[12] Id. at 133.

[13] Id.

[14] See *Holmes v. State*, 222 Ga. App. 642, 644 (476 SE2d 37) (1996).

[15] See *Hunt*, supra.

[16] *Demetrios v. State*, 246 Ga. App. 506, 513 (7) (b) (541 SE2d 83) (2000).

[17] See generally *Bogan v. State*, 249 Ga. App. 242, 246 (2) (e) (547 SE2d 326) (2001).

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 16, 2002.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Susan L. Henderson, Assistant District Attorney*, for appellee.