A93A0370. THE STATE v. BANGLEY.
(433 SE2d 372)

BLACKBURN, Judge.

The State appeals the trial court's grant of Bangley's motion to dismiss the portion of the State's accusation which alleged that Bangley was guilty of a high and aggravated misdemeanor. On December 17, 1991, Bangley was arrested and charged with driving under the influence of alcohol, obstruction, no proof of insurance, and driving on the wrong side of the road. On May 4, 1992, the State drew an accusation charging Bangley with violating OCGA § 40-6-391, and other violations, including alleging the commission of a high and aggravated misdemeanor pursuant to OCGA § 40-6-391 (c). The State asserted that the basis for its allegation of a high and aggravated misdemeanor was Bangley's prior DUI convictions on June 8, 1987 and October 30, 1985. Bangley filed his motion to dismiss alleging that the State lacked statutory authority to charge a high and aggravated misdemeanor because both his previous DUI convictions were not within five years of the present charge. The trial court granted Bangley's motion and the State appeals.

In its sole enumeration of error, the State asserts that the trial court erred in dismissing the State's accusation as drawn. The State argues that OCGA § 40-6-391 (c) clearly states that a person convicted of a third or subsequent conviction shall be guilty of a high and aggravated misdemeanor and that Bangley was convicted of two prior DUI offenses. Therefore, the State concludes that its accusation was properly drawn. However, the statute is not so clear as to require the State's interpretation.

OCGA § 40-6-391 provides, in pertinent part, that "(c) [e]very person convicted of violating this Code section shall, upon a first or second conviction thereof, be guilty of a misdemeanor and, upon a third or subsequent conviction thereof, be guilty of a high and aggravated misdemeanor and shall be punished as follows: . . . (3) [f]or the third or subsequent conviction within a five-year period of time, as measured from the dates of previous arrests for which convictions were obtained or pleas of nolo contendere were accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted. . . ."

The State argues that if the legislature had intended to limit the application of the words "upon a third or subsequent conviction thereof" to those convictions within five years, "they would have said so." However, this argument completely overlooks the fact that the

legislature did "say so." In paragraph (3) of subsection (c), the legislature used the words "within a five-year period of time" to modify the meaning of "the third or subsequent conviction." Furthermore, subsection (c) of OCGA § 40-6-391 contains one long sentence which encompasses paragraph (3). Therefore, OCGA § 40-6-391 (c) should be read and interpreted in its entirety, rather than in fragments.

"Any criminal law should be plain and unambiguous and not dependent upon the current conflicting views of appellate judges." *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977). Additionally, " '[i]t has always been the law that criminal statutes must be strictly construed against the state. *McAllister v. State*, 122 Ga. 744 (50 SE 921) (1905).' " *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988). Finally, "where a statute imposing the penalty for commission of a criminal offense is capable of two constructions, such statute should be construed as imposing the lesser penalty." Id. These rules of statutory interpretation in criminal matters justify the trial court's dismissal of the portion of the State's accusation which improperly charged Bangley with a high and aggravated misdemeanor as it was uncontroverted that Bangley's first arrest for DUI was not within five years of his arrest for his third DUI.

*Judgment affirmed. Johnson and Smith, JJ., concur specially.*

SMITH, Judge, concurring specially.

I concur fully with the majority's interpretation of OCGA § 40-6-391 (c). I write separately in an attempt to outline more fully the reasons why the State's construction of that provision does not reasonably reflect legislative intent. That intent, however, is expressed with less than admirable precision in the statute.

Prior to 1990, OCGA § 40-6-391 (c) provided that "every person convicted of [DUI] shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished as follows. . . ." Ga. L. 1985, p. 758, § 17. Subparagraphs (1), (2), and (3) provided for escalating levels of mandatory minimum punishment, depending upon the number of convictions within the previous five years measured from the dates of previous arrests leading to convictions. Prior to 1990, though, even the most severe possible punishment for repeat violations of OCGA § 40-6-391 within five years did not exceed the maximum allowable for misdemeanors generally. See OCGA § 17-10-3.

In 1990, the Georgia General Assembly amended OCGA § 40-6-391 (c) to provide that "[e]very person convicted of [DUI] shall, upon a first or second conviction thereof, be guilty of a misdemeanor and, upon a third or subsequent conviction thereof, be guilty of a high and aggravated misdemeanor and shall be punished as follows. . . ." The scheme of punishment provided under the current law, however, still is based upon the number of convictions within that same five-year

period used in the prior law. The chief difference is that the maximum punishment for a third or subsequent offense within five years now can be the maximum for high and aggravated misdemeanors. OCGA § 17-10-4.

Statutes must be read as a whole, and in interpreting them the courts must "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil and the remedy." OCGA § 1-3-1. *Hargrove v. State*, 253 Ga. 450, 452 (1) (321 SE2d 104) (1984). In this case, the "old law" required harsher punishment only for those persons arrested and convicted for DUI more than once within a five-year period, and it made no provision for any punishment more severe than that available for misdemeanors generally. The "evil" addressed by the manner in which punishment is escalated, under the old law and the new, is the propensity of some to operate motor vehicles while intoxicated within a relatively short time after one or more DUI convictions. The new law's "remedy," in terms of punishment intended to deter such behavior, is that defendants convicted of third and subsequent DUI offenses within a five-year period now are subject to the harsher maximum punishment available for conviction of a high and aggravated misdemeanor. Primarily, this means the sentencing judge has the authority to impose a much larger fine.

The State argues the legislature intended to allow judges greater discretion to punish more severely those who accumulate three or more DUI convictions over longer periods of time than five years. As presently worded, however, the statute's punishment provisions indicate otherwise. For this reason, I conclude that the legislature intended that only those defendants who may be punished under OCGA § 40-6-391 (c) (3) may be charged with a high and aggravated misdemeanor under that Code section.

I am authorized to state that Judge Johnson joins in this special concurrence.

DECIDED JUNE 25, 1993.

*Patrick H. Head, Solicitor, Clifford L. Granger, Jr., Sharon L. Melcher, Assistant Solicitors*, for appellant.
*Skelly & Buckland, Richard M. Skelly*, for appellee.