A98A1124. PICH v. THE STATE.
(504 SE2d 64)

BLACKBURN, Judge.

Timothy Pich appeals his conviction of aggravated assault, contending that the trial court erred in refusing to charge the jury on the lesser included offense of reckless conduct. We must disagree and affirm Pich's conviction.

On February 16, 1997, two groups of individuals started fighting in the parking lot of a bowling alley. One group, of which Pich was a member, consisted of a number of men in training for the military. The other group consisted of local high school students. As the fight ensued, someone fired a gun, and both Kenneth Liston, one of the high school students, and Christopher Waters, one of Pich's friends, were wounded. Several witnesses testifying for the State identified Pich as the shooter. All such witnesses testified that Pich intermittently shot into the air and at the ground. Some of these witnesses testified that Pich pointed the gun at the fighting crowd, but not while he was shooting the gun. Pich, however, testified that he did not have a gun on the evening of the incident and that he did not do the shooting that night. Several of Pich's friends also testified that Pich was not carrying a gun on the evening in question.

Pich requested that the trial judge instruct the jury on reckless conduct as a lesser included offense of aggravated assault. The trial

judge, however, refused Pich's request, finding that such request was inconsistent with Pich's defense that he never possessed a gun on the night of the incident. Pretermitting the issue of whether or not the evidence authorized a charge on reckless conduct, we review the appropriateness of defendant's request to charge on such crime.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him or her to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his or her failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error." (Punctuation and emphasis omitted.) *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

While defendant did verbally request a charge on reckless conduct, no formal written request was submitted to the court as required by law. We note further that the trial court went out of its way to bring this issue to defendant's attention. The defendant stated that he objected to the refusal to charge on reckless conduct, but failed to submit a written charge thereon. Here, "the record does not contain a copy of the requested charge; therefore, the requested charge is not available to this court for timely review. . . . It was essential to the review of this enumeration that we have timely access, either in the record or transcript, to appellant's written request for charge. When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." (Punctuation omitted.) *Ogles v. State*, 218 Ga. App. 92 (1) (a) (460 SE2d 866) (1995). Accordingly, the trial court properly refused to charge the jury on reckless conduct. We affirm Pich's conviction.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 1, 1998.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.