A00A0869. SEQUEIRA v. THE STATE.
(534 SE2d 166)

JOHNSON, Chief Judge.

Jairon Antonio Sequeira pled guilty to two counts of simple battery, one count of affray and one count of public intoxication. The trial court entered a judgment of conviction on the plea and sentenced Sequeira to serve 11 months and 29 days on probation for each offense. Several weeks later, the county probation department requested that Sequeira be ordered to register as a sexual offender under OCGA § 42-1-12 because one of his simple battery convictions was for having placed his hands on the breasts and between the legs of a fifteen-year-old girl. The court granted the request and ordered Sequeira to register. Sequeira appeals from that order.

1. Sequeira asserts that the trial court erred in ordering him to register as a sexual offender based on a conviction for the nonsexual offense of simple battery. We agree and reverse the trial court's ruling.

Under OCGA § 42-1-12 (b) (1) (A) (i), after July 1, 1996, a person convicted of a "criminal offense against a victim who is a minor" must register his name, address, place of employment, the crime he was convicted of, and the date he was released from prison or placed on parole or probation with the sheriff's office in the county where he will reside. According to OCGA § 42-1-12 (a) (4) (A), a "[c]riminal offense against a victim who is a minor" means a criminal offense under Title 16 or an offense under federal law or the laws of another state which consists of kidnapping a minor, false imprisonment of a minor, criminal sexual conduct toward a minor, soliciting a minor to engage in sexual conduct, using a minor in a sexual performance,

---

[20] See *Dixon,* supra.

soliciting a minor to practice prostitution, or *any conviction resulting from an underlying sexual offense against a victim who is a minor.*

The state relied on this emphasized meaning in successfully arguing to the trial court that Sequeira must register as a sexual offender based on the *conduct* underlying his simple battery conviction — touching a 15-year-old girl's breasts and legs. But the state's argument and the trial court's order ignore the plain statutory language that a conviction must result from an underlying *sexual offense.*

In interpreting a statute, we must look for the legislative intent.[1] We must also give words their ordinary and literal meaning.[2] And any criminal law must be strictly construed against the state.[3] Applying these rules of statutory construction to the instant case, the ordinary and literal language of OCGA § 42-1-12 does not require registration as a sexual offender based merely on the conduct underlying a criminal conviction. Instead, the ordinary language of the statute requires registration if the conviction results from an underlying sexual offense.

We must presume that by using the term "sexual offense" in OCGA § 42-1-12 (a) (4) (A) the legislature intended to refer to the criminal code chapter entitled "SEXUAL OFFENSES," which defines such crimes as rape,[4] aggravated sodomy,[5] child molestation,[6] and enticing a child for indecent purposes.[7] If, as the state has suggested, the legislature intended to require sexual offender registration based on underlying sexual conduct rather than on a sexual offense, they could have used such plain language. But because they did not use such language, we must construe the term "sexual offense" to mean those sexual crimes that have been defined by the legislature.

Simple battery is not one of those sexual offenses. It is not contained in the criminal code chapter on sexual offenses and is instead found in the chapter on crimes against a person.[8] Thus, Sequeira's conviction for touching the victim's breasts and legs did not result from an underlying sexual offense but instead resulted from the nonsexual offense of simple battery.

Because Sequeira's simple battery conviction was not for an underlying sexual offense, he was not convicted of a criminal offense against a victim who is a minor as defined by OCGA § 42-1-12 (a) (4)

---

[1] OCGA § 1-3-1 (a); *Chastain v. State*, 231 Ga. App. 225, 227 (4) (498 SE2d 792) (1998).

[2] OCGA § 1-3-1 (b); *Chastain*, supra.

[3] *State v. Bangley*, 209 Ga. App. 208, 209 (433 SE2d 372) (1993).

[4] OCGA § 16-6-1.

[5] OCGA § 16-6-2.

[6] OCGA § 16-6-4.

[7] OCGA § 16-6-5.

[8] OCGA § 16-5-23.

(A). Consequently, the trial court erred in ordering Sequeira to register as a sexual offender based on his simple battery conviction. The trial court's erroneous order is thus reversed.

2. Because of our holding in Division 1, we need not address Sequeira's remaining enumerations of error.

*Judgment reversed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 27, 2000.

*Manchel, Johnson & Wiggins, Howard J. Manchel,* for appellant.
*Daniel J. Porter, District Attorney,* for appellee.