## A01A0984. CARSWELL v. THE STATE.
### (555 SE2d 124)

RUFFIN, Judge.

A jury found Uriah Carswell guilty of possession of cocaine with intent to distribute, possession of marijuana, and possession of a firearm during the commission of a crime. On appeal, Carswell challenges the sufficiency of the evidence. Carswell also asserts that the trial court erred in improperly limiting his closing argument, in failing to declare a mistrial based upon the State's improper closing argument, and in instructing the jury. For reasons that follow, we affirm in part and reverse in part.

1. In two enumerations of error, Carswell challenges the sufficiency of the evidence. In reviewing such challenge, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1]

So viewed, the evidence demonstrates that, on October 29, 1999, law enforcement officers were investigating a suspected drug dealer known by the nickname "Hop."[2] The officers were working with a confidential informant, who called Hop's cell phone to arrange to purchase cocaine at the Courtesy Inn. The officers then drove to a gas station near the Courtesy Inn.

Upon reaching the gas station, the confidential informant attempted to call Hop from a pay phone, but received no response. Hop was subsequently seen walking into the Courtesy Inn. The confidential informant placed a second call and spoke with Hop. Shortly thereafter, Carswell came out of the Courtesy Inn and began walking toward the pay phone. Deputy Whitworth, from the Bartow County Sheriff's Office, pulled his car up to Carswell. As soon as Carswell spotted the deputy, Carswell attempted to flee. Whitworth caught Carswell, searched him, and found in his pocket a cell phone, part of a plastic bag containing approximately $100 worth of cocaine, $1,242, and a key for a room at the Courtesy Inn. With Carswell's consent, law enforcement officers searched the motel room, and Sergeant Cheek of the Cartersville Police Department inventoried the contents. In the room, Cheek discovered additional crack cocaine, digital scales covered with cocaine residue, a box of plastic baggies, a plastic bag of marijuana inside an eyeglass case, and a 9-millimeter gun in

---

[1] See *Perkins v. State*, 244 Ga. App. 412 (535 SE2d 802) (2000).

[2] We note that, in his statement of facts, the appellant has failed to provide a single citation to the record in violation of Court of Appeals Rule 27 (a) (1). Because the record is small and the appellant has cited the record to support a few of his factual assertions in the argument portion of his brief, we have exercised our discretion and considered the appeal on its merits. Nevertheless, we remind counsel for appellant that, pursuant to Court of Appeals Rule 7, failure to follow our rules may subject an appeal to dismissal as well as subject counsel to contempt.

the exterior side pocket of a suitcase.

(a) Carswell asserts that, "[d]ue to the extreme lack of evidence against" him, the trial court should have directed a verdict of acquittal. With respect to the drug charges, however, there was ample evidence to support Carswell's conviction. The evidence showed that, after the informant called the drug dealer from the pay phone, Carswell left the hotel and walked toward the phone. When Carswell was approached by law enforcement, he attempted to flee, but was captured. Law enforcement officers then searched Carswell and found cocaine, a significant amount of money, a cell phone, and a hotel key. A search of the hotel room yielded additional crack cocaine, digital scales covered with cocaine residue, and a box of plastic baggies. Under these circumstances, the jury was authorized to conclude that Carswell was guilty beyond a reasonable doubt of possession of cocaine with intent to distribute.[3]

The evidence also was sufficient to support Carswell's conviction for possession of marijuana. Not only was the marijuana discovered in the hotel room for which Carswell had the key, but it was stashed in what appeared to be Carswell's eyeglass case. According to the officer who inventoried the contents of the hotel room, at the time of Carswell's arrest, he was wearing glasses of the same brand as the eyeglass case. Thus, there was evidence linking Carswell to the marijuana, and the trial court was not required to direct a verdict on this count.[4]

(b) In a separate enumeration of error, Carswell contends that the trial court erred in refusing to direct a verdict on the charge of possession of a firearm during the commission of a crime.

OCGA § 16-11-106 (b) (4) provides, in pertinent part, that it is a felony for any person to "*have on or within arm's reach of his or her person* a firearm or a knife . . . during the commission of[ ] or the attempt to commit . . . [a]ny [felony] involving the possession . . . or possession with intent to distribute any controlled substance."[5] In interpreting this statute, "we must look for the legislative intent. We must also give words their ordinary and literal meaning."[6] Moreover, we must strictly construe this criminal statute against the State.[7]

Here, the statute requires that the weapon be either on or within arm's reach of the person charged with possessing a firearm during the commission of the felony. Such language conveys a legislative

---

[3] See *Lester v. State*, 226 Ga. App. 373, 377-378 (3) (487 SE2d 25) (1997); *Bowman v. State*, 222 Ga. App. 893, 898 (5) (476 SE2d 608) (1996).

[4] See *Brown v. State*, 244 Ga. App. 440, 442-443 (2) (535 SE2d 785) (2000).

[5] (Emphasis supplied.)

[6] (Footnotes omitted.) *Sequeira v. State*, 243 Ga. App. 718, 719 (1) (534 SE2d 166) (2000).

[7] See id.

intent that the person committing the felony have immediate access to the firearm. This interpretation is consistent with legislative amendments to the statute. Prior to 1987, OCGA § 16-11-106 (b) provided that someone charged under this Code section had to "have on his person a firearm or knife . . . during the commission of, or the attempt to commit," a felony.[8] In 1987, however, the statute was amended "so as to clarify that such firearm or knife must be on or within arm's reach of the person."[9]

"From the addition of words, it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication."[10] By adding the words "within arm's reach," the legislature extended the application of the statute to include weapons to which a felon had immediate access in addition to those weapons the felon actually had on his person. It does not follow, however, that the legislature intended to criminalize the mere possession of a weapon by a person who, after putting the weapon away, subsequently commits a felony.[11] Accordingly, we must examine the record to see what evidence supports the conclusion that Carswell had the gun either on him or within arm's reach during the commission of a felony.

The record clearly demonstrates that Carswell did not have the gun on him. According to Sergeant Cheek, the gun was in the outer pocket of a suitcase in Carswell's hotel room. As the pocket was zipped shut, we agree with Carswell that the evidence is insufficient to demonstrate that the weapon was within arm's reach during the commission of the felony.

*Gibson v. State*[12] does not require a different result. In that case, a gun was found underneath a couch. Because cocaine was found on a coffee table in front of that couch, this Court concluded that sufficient circumstantial evidence supported a finding that the defendant had the gun within arm's reach during the commission of the crime.[13] Unlike in *Gibson*, the circumstantial evidence here does not support a finding that Carswell had the gun within arm's reach during the commission of the crime. Rather, the gun was in a zippered compartment of a suitcase, which could have been zipped the entire time that

---

[8] See Ga. L. 1986, p. 1206, § 1.

[9] Ga. L. 1987, p. 624.

[10] (Punctuation omitted.) *Hillman v. State*, 232 Ga. App. 741, 743 (1) (b) (503 SE2d 610) (1998).

[11] Indeed, if this were the case, the legislature would have used language similar to that in OCGA § 16-11-131 (b), which criminalizes the mere possession of a firearm by a convicted felon.

[12] 223 Ga. App. 103 (1) (476 SE2d 863) (1996).

[13] Id.

Carswell was in possession of the cocaine. Under such circumstances, Carswell would not have had immediate access to the weapon, which is required to sustain a conviction under OCGA § 16-11-106 (b). To hold otherwise would, in essence, criminalize the mere possession of a firearm, which is an unwarranted extension of the statute. Accordingly, we reverse Carswell's conviction for possession of a firearm during the commission of a felony.

2. Carswell asserts that the trial court erred in charging the jury. According to Carswell, he requested that the court instruct jurors on the inferences that could be drawn from the presence of cash on a person at the time of that person's arrest. The record, however, does not contain any formal written request for such charge, and "[i]t was essential to the review of this enumeration that we have timely access, either in the record or transcript, to appellant's written request for charge. When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result."[14] Accordingly, we affirm as to this issue.[15]

3. In two enumerations of error, Carswell contends that the trial court erred during closing arguments. In one enumeration, Carswell argues that the trial court erred in denying his motion for mistrial after the prosecutor commented on his failure to testify. In the other claim of error, Carswell maintains that the trial court improperly limited his "right to summation by refusing to allow [him] to argue reasonable inferences about the State's confidential informant." Pretermitting whether the trial court erred, we find no basis for reversal.

Although the transcript contains Carswell's objections to the closing arguments, the arguments, themselves, were not transcribed. As this Court recently reiterated,

> [w]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). . . . When this is not done, there is nothing for the appellate court to review. Therefore, due to the omission of closing arguments from the transcript, we cannot review [this] enumeration of error.[16]

Thus, we affirm.

---

[14] (Punctuation omitted.) *Pich v. State*, 233 Ga. App. 198, 199 (504 SE2d 64) (1998).

[15] Although the record does not contain Carswell's written request to charge, it is clear that such charge was discussed at a charge conference.

[16] (Citation omitted.) *Baker v. State*, 247 Ga. App. 25 (2) (543 SE2d 70) (2000).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 5, 2001.

*Joshua D. Earwood*, for appellant.

*T. Joseph Campbell*, District Attorney, *Donald S. Smith*, Assistant District Attorney, for appellee.