### A03A0295. LAMPLIGHT COURT APARTMENTS, LLC v. DEKALB COUNTY BOARD OF TAX ASSESSORS.

(577 SE2d 814)

BLACKBURN, Presiding Judge.

The DeKalb County Board of Tax Assessors ("DeKalb County") assessed the apartment property of the appellant, Lamplight Court Apartments, LLC ("Lamplight"), for ad valorem tax purposes as of January 1, 2001, and Lamplight appealed the assessment to the Board of Equalization. After the Board of Equalization affirmed DeKalb County's tax assessment, Lamplight filed a notice of appeal in the DeKalb County Superior Court. Following a jury trial, Lamplight appeals the jury's determination of the fair market value of its property, arguing that the trial court erred in: (1) allowing DeKalb County to offer testimony which constituted a mass appraisal, thereby resulting in an illegal and unconstitutional appraisal of property; (2) denying its motion to strike the testimony of DeKalb County's appraiser; and (3) denying its motion to challenge the jury array based on the inordinate number of persons on the jury who were governmental employees paid from tax revenues. Finding no merit to these asserted errors, we affirm.

1. Lamplight's real property at issue in this case is an apartment complex comprised of seven buildings. Lamplight argues that DeKalb County violated both the Uniform Standards of Professional Practice and the fair market value and uniformity principles of the Georgia Code because DeKalb County determined the fair market value of its property by assessing the value of each of the seven parcels of land

and then adding together the individual values of the parcels. Our review of the trial transcript does not support this argument.

The object of the assessors must be to determine the fair market value of the property subject to taxation in the county and the methods employed may be varied if the object is attained. While the tax assessor must use the same standard [(i.e., fair market value)] or system [(i.e., 40 percent of fair market value)] in determining and fixing the taxable value of all property of the same class, it is not impermissible under the uniformity of taxation provision of the constitution to apply different methods of arriving at the fair market value of tangible property. It is the duty of the board of tax assessors to see that all taxable property within the county is assessed and returned at its fair market value and that fair market values as between individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes. This does not require the tax assessors to use any definite system or method, but demands only that the valuations be just and that they be fairly and justly equalized among the individual taxpayers according to the best information obtainable.

(Citations, punctuation and emphasis omitted.) *Rogers v. DeKalb County Bd. of Tax Assessors*.[1]

At trial, Delores Harper, an appraiser in the commercial section of the tax assessor's office, testified concerning the methodology used by her office to assess the value of Lamplight's real property. She stated that because the apartment complex operated as a whole unit, the complex was first valued as a whole, and the value was then distributed among the various parcels. Harper also testified that this assessment methodology is approved by the G.A.A.O., which is the Georgia Chapter of the appraising organization, and the Georgia Department of Revenue.

Harper's testimony indicates that the method of assessment employed by the county was not the one Lamplight claimed the county employed. Moreover, Lamplight has presented no authority which would indicate that the method of property assessment employed by the county is either illegal or unconstitutional. Indeed, Lamplight's own expert, on cross-examination, admitted at trial that no authority prohibits this method of assessment. Further, Lamplight presented no evidence that the valuation of its property was not

---

[1] *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726, 728 (2) (279 SE2d 223) (1981).

equalized with valuations assessed against other taxpayers with similar property in the county. Under these circumstances, it is clear that the trial court did not err in allowing DeKalb County's appraiser to testify regarding the determination of the property's fair market value.

2. Lamplight next argues that the trial court erred in denying its motion to strike the testimony of Harper, DeKalb County's appraiser, because she had not made an interior inspection of the premises, and because she relied on information representing hearsay evidence and an appraisal performed by a former staff member, resulting in testimony that had no foundation and represented the opinion of others rather than her own expert opinion.

While it is generally true that "an expert cannot state his opinion based upon facts not within his personal knowledge which are not otherwise admitted in evidence[,] . . . where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings." (Punctuation omitted.) *Loper v. Drury*.[2] Further, "[w]e have held many times that an expert's opinion may be based in part upon hearsay, and that when it is based thereon it goes to the weight and credibility of the testimony — not to its admissibility." *City of Atlanta v. McLucas*.[3]

Our review of the record indicates that Harper was tendered as an expert in the appraisal of commercial property and accepted as such by the trial court. She testified that she reviewed Lamplight's various tax filings regarding the property, county ratio studies for apartments in the class in which Lamplight's apartments fell, market data and reference materials published by trade organizations, insurance reports, and real estate appraisal manuals. She also relied on reports submitted by a staff appraiser who no longer was employed by DeKalb County at the time of trial, and these reports were admitted into evidence. Accordingly, because Harper could testify as an expert as to the value of Lamplight's property on the basis of information gathered by others, including hearsay evidence, the trial court did not err in refusing to strike Harper's testimony on the grounds that she did not personally inspect the interiors of the apartments, or that she relied on appraisal information prepared by another employee of DeKalb County.

3. In its third enumeration of error, Lamplight maintains that the trial court erred in denying its motion to challenge the jury array

[2] *Loper v. Drury*, 211 Ga. App. 478, 481 (1) (b) (440 SE2d 32) (1993).
[3] *City of Atlanta v. McLucas*, 125 Ga. App. 349-350 (2) (187 SE2d 560) (1972).

based on the inordinate number of persons on the jury who were governmental employees paid from tax revenues. We find no error.

The record shows that voir dire of several panels of prospective jurors was conducted, that DeKalb County waived its jury strikes, and that a jury was impaneled after Lamplight had the opportunity to exercise all six of its strikes. Lamplight contends that it used its strikes to exclude jurors who were governmental employees but that, even after the use of these strikes, the jury still contained many governmental employees.

We have reviewed the transcript and find nothing which substantiates Lamplight's claim that a majority of jurors were governmental employees. Voir dire of the various panels was off the record, and we therefore have no information establishing which members of the various panels from which Lamplight had to select a jury were employees of governmental entities or even whether there were a significant number of prospective jurors who were governmental employees on the panels. "When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." (Punctuation omitted.) *Carswell v. State.*[4]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 29, 2003 —
RECONSIDERATION·DENIED FEBRUARY 13, 2003 — 

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellant.
*Kramer & Thomas, Terence T. Thomas,* for appellee.

---

[4] *Carswell v. State,* 251 Ga. App. 733, 736 (2) (555 SE2d 124) (2001).