## A04A1308. KING v. THE STATE.
(604 SE2d 230)

SMITH, Chief Judge.

Willie Lee King was indicted by a DeKalb County grand jury on charges of theft by shoplifting and obstruction of a law enforcement officer. A jury found him guilty as charged. Judgment of conviction and sentence were entered, and King's motion for new trial was denied. He appeals, raising three enumerations of error challenging the admission of evidence at trial. We find no reversible error and affirm.

The evidence presented at trial showed that DeKalb County police officer Christopher Hachat was off duty and working as a security guard at Perimeter Mall in Atlanta when he observed King "stacking clothes on one of the front tables" in a clothing store. King

had both a backpack and a shopping bag, which were on the ground beside him. While the officer watched, King picked up the stacked clothes and moved them to another table, where he continued to stack clothes. Hachat then saw King take a stack of clothing, place it in the backpack, and return to "shuffling clothes." Hachat called other officers working security and notified them of his location, telling them he "had a shoplifting in progress." With the officer still watching, King picked up his backpack, threw it over his shoulder, and left the store without paying for the items.

Hachat stopped King, informed him he was under arrest for shoplifting, "grabbed his wrists . . . and tried to control him." King resisted, pulling away and a "little bit of pushing and shoving" ensued. When the other officers arrived, they wrestled him to the ground and handcuffed him. The merchandise — "three shirts and two khaki pants" — with store tags was found in King's backpack.

King denied stealing anything. He testified that he was trying to exchange items of clothing for his girlfriend, who had previously bought them. Because he was not able to find the correct sizes, he did not exchange the clothing, but placed it back in his bag. He testified that he "figured I had receipts and it wasn't any big deal." Hachat testified, however, that King offered him no receipts and that he examined the contents of King's backpack and found no receipts.

1. King first contends the trial court erred in admitting hearsay testimony. At trial, over King's hearsay objection, Hachat was permitted to testify that he showed the store manager the merchandise he removed from King's backpack and asked if it had been paid for. Hachat then testified that the manager informed him she did not recall "anyone paying for anything like that in the last hour or two." The manager did not testify. An investigator explained that the manager no longer worked for the store and that despite his efforts over a period of ten days to two weeks, she could not be located. The prosecutor also noted that the trial was being held four years after King's original arrest because King failed to appear for an earlier trial date and for a large portion of that four years a bench warrant was outstanding for him. The State argued that because of the transient nature of sales help "it would have been a lot easier" to find the manager earlier. The trial court admitted the testimony under the necessity exception to the hearsay rule.

> Under the necessity exception to the hearsay rule, hearsay statements are admissible when the evidence is necessary and when there are particular guarantees of trustworthiness. . . . However, death or unavailability of the declarant cannot alone satisfy the necessity component

without allowing the exception to swallow the rule. Additionally, the proponent of the evidence must show that the statement is relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered. These additional elements will help ensure that the necessity exception does not render the rules of evidence meaningless and allow the conduct of trials by hearsay.

(Citations, punctuation and footnotes omitted.) *Chapel v. State*, 270 Ga. 151, 155 (510 SE2d 802) (1998).

King argues that because the State did not exhaust its efforts to find the witness and had not begun searching for her early enough, the witness was not "unavailable."[1] He also argues that the manager was not the only person who could have handled the sale and therefore was not the only source of evidence on the issue of whether King paid for the merchandise, and that under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), the evidence was inadmissible because it violated his Sixth Amendment right of confrontation.

We need not decide whether the trial court erred, however, since even if error, admission of this hearsay testimony was harmless. Regardless of whether the witness was unavailable or the testimony was reliable, it did not meet the requirements of the necessity exception because it was not relevant to a material fact. The hearsay was offered to show that neither King nor anyone else paid for the items found in his backpack that day. But King himself admitted both that he had not purchased the merchandise and that it had not been purchased that day. His testimony was that the items had been purchased previously by his girlfriend and he was attempting to return them. "In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit." (Citations and punctuation omitted.) *Shadron v. State*, 275 Ga. 767, 771 (573 SE2d 73) (2002).

2. King next asserts that the trial court erred in permitting the prosecutor to introduce during his cross-examination portions of a certain letter he had written to the prosecutor before trial. King wrote several letters to the prosecutor seeking leniency in sentencing, and the prosecutor introduced them for impeachment purposes, showing that in the letters, King made no mention of a girlfriend, receipts, or

---

[1] We note that *Rosser v. State*, 211 Ga. App. 402 (439 SE2d 72) (1993), relied upon by King and also cited by the State, was disapproved in *Livingston v. State*, 268 Ga. 205 (486 SE2d 845) (1997).

exchanging the clothing. King admits that portions of the letters were properly used to impeach him. He challenges only the portion of one letter in which he stated "my entire life has changed since [the year of the incident in issue]. Check my record, I have not committed any offenses of any kind since three years or longer since this. I'm a much more productive person today than I was four years ago."

Contrary to King's contention, this evidence does not place his character in issue by "implicitly implying" that he had a criminal record prior to the incident for which he was on trial. The prosecutor's stated purpose in introducing it was to impeach King's entire defense that he had not committed theft by shoplifting. The only implication in the quoted letter was that King had committed this offense but had led an exemplary life since then. Evidence showing that a defendant committed the offense for which he is on trial does not place his character in issue. See generally *Holloway v. State*, 190 Ga. App. 528, 529 (2) (379 SE2d 542) (1989) (mug shot made following defendant's arrest does not suggest prior arrests and therefore does not place defendant's character in issue). The admission of this evidence was not error.

3. In King's final enumeration of error, he maintains that Hachat's testimony regarding store procedures for tearing the tags on items that are sold was improperly admitted. King argues that because Hachat had no first-hand knowledge of the procedures in the store in question, the only basis for his testimony was "speculation and opinion." Hachat testified that based upon his experience working security at the mall since 1982, a perforated or two-part tag is usually ripped in half when an item is sold.

But King has not preserved this issue for appeal. When King objected to the testimony, the State laid a foundation for the officer's opinion. The court then indicated that the officer could continue his testimony, and King did not object. A contemporaneous objection was required. *Hayward v. State*, 258 Ga. App. 566, 569 (2) (a) (574 SE2d 646) (2002). King's failure to object to Hachat's testimony after the State laid the foundation waived this issue for appellate review. Id. See also *Gates v. State*, 252 Ga. App. 20, 22 (1) (555 SE2d 494) (2001).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2004.

*Ingrid J. McGaughey, September Guy*, for appellant.
*Jeffrey H. Brickman, District Attorney, Rosemary W. Brewer, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.