A04A1663. PERDUE v. THE STATE.
(609 SE2d 756)

RUFFIN, Chief Judge.

A jury found John Perdue guilty of battery and obstruction of a police officer. In his sole enumeration, Perdue claims that the trial court erred by admitting hearsay evidence. Finding no reversible error, we affirm.

1. Initially, we note that Perdue's brief does not comply with this Court's rules in that most of Perdue's factual allegations are not supported by citations to the record.[1] We take this opportunity to remind counsel that disregard of this Court's rules may subject an appeal to dismissal or subject counsel to contempt.[2] However, since the record in the case before us is small, we have exercised our discretion and considered the appeal on its merits.[3]

2. Viewed in a light favorable to the jury's verdict,[4] the record shows that Perdue was tried for numerous offenses, including three counts of obstruction, battery, simple battery on a law enforcement dog, attempted simple battery on a law enforcement dog, stalking, and criminal trespass. During trial, several law enforcement officers testified regarding a disturbance that took place on July 31, 2003.

Officer William Stubbs and Officer Robert Garner of the Clayton County Police Department arrived at a house where a break-in was allegedly in progress. As soon as Stubbs arrived, he saw Perdue, who began running toward a wooded area behind the house. Garner identified himself as a police officer and ordered Perdue to stop. Perdue continued running, and both Stubbs and Garner chased Perdue on foot. The officers were unable to capture Perdue, so a helicopter and canine unit were called to track him. While Perdue was fleeing, he encountered James Miller, whom he hit in the face. Officer Kenneth Mundy, who also was present, saw Perdue running and ordered him to stop to no avail. Ultimately, a police dog caught Perdue, who then attempted to choke the dog.

After Stubbs lost Perdue, he returned to the house to interview the victim. According to Stubbs, the victim told him that

> her ex-boyfriend that used to live with her at that residence who had been gone for over a month . . . kept coming back to her house and she had tried to keep this from happening and that she had had to call the police before and that today he had attempted to gain entry through the garage and the garage window pane was broken out to the garage door.

Garner also interviewed the victim. Over Perdue's hearsay objection, the trial court permitted Garner to testify regarding what the victim told him. Garner said the victim

---

[1] See Court of Appeals Rules 23 and 27.

[2] See Court of Appeals Rule 7; *Carswell v. State*, 251 Ga. App. 733 (1), n. 2 (555 SE2d 124) (2001).

[3] See id.

[4] See *Johnson v. State*, 264 Ga. App. 889, 890 (592 SE2d 507) (2003).

stated she was in a relationship with this individual and that he had once lived in the household and that the relationship had gone bad. He had moved out approximately six months ago. He wasn't receiving any mail there. He didn't live there, and that he wasn't supposed to be on the property at all for any reason. She said that he had been stalking her and that he had been harassing her. She said that he made a hole in her house around the fireplace and had actually come into the house in the attic and was stalking her — he was up in her attic for a period of time just like watching her at different periods of times, and that this was earlier. . . . And that on a number of occasions, he had come to the house, and she felt threatened by him. . . . She said that on [July 31st], . . . he was coming in through the garage area. She said he was breaking out a window and he was going to enter in the garage and then come through the garage into the house. And so she called 911.

Perdue testified at trial and admitted that he was at the victim's house on the day in question and that he "took off" when he saw the police. According to Perdue, "there [were] at least thirty police cars there" and a helicopter unit all searching for him. But Perdue continued running for approximately two hours because he had an outstanding warrant for parole violation. Perdue testified on cross-examination that he was on parole for a theft by receiving conviction for which he served time in jail. Perdue also admitted encountering Miller while running from the police. Although Perdue did not say that he struck Miller, he said that Miller offered him a ride, which he declined because he was afraid Miller was going to turn him over to police.

After the State rested, the trial court directed a verdict on the stalking charge, the criminal trespass charges, and one of the obstruction charges. The jury then found Perdue guilty of one count of battery for punching Miller and one count of obstruction for ignoring Mundy's command to stop. Perdue was acquitted of the remaining charges.

On appeal, Perdue alleges in his enumeration of error that the trial court erred "by repeatedly allowing hearsay evidence of other crimes without prior notice, hearing, and ruling of admissibility." As this Court recently reiterated, "[i]n order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered,

and the failure to do so amounts to a waiver of that specific ground."[5] During trial, when Stubbs began to testify regarding what the victim told him, Perdue objected to the testimony as hearsay. The trial court sustained the objection unless the State was able to lay the foundation for the admission of the evidence as part of the res gestae. The prosecutor then asked Stubbs several foundational questions before Stubbs relayed what the victim had told him. After the State laid its foundation, Perdue did not object again. As a contemporaneous objection was required, Perdue has waived this issue on appeal.[6]

Although Perdue timely objected to Garner's testimony about the victim's statements, he did so only on hearsay grounds, and the trial court overruled the objection based on the res gestae exception to the hearsay rule. In his brief, however, Perdue also claims that the testimony improperly placed his character in issue. He also suggests that he was entitled to a hearing on the admissibility of the statement. By failing to raise these other grounds before the trial court, Perdue has waived them on appeal.[7]

Thus, the sole issue is whether the trial court improperly admitted Garner's testimony regarding what the victim told him as res gestae. Res gestae declarations are those that accompany an act or are so connected in time to the act as to be free from suspicion of device or afterthought.[8] "A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous."[9]

Pretermitting whether the judge erred in admitting the evidence as res gestae, we find no basis for reversal. It is well established that, to show grounds for reversal, an appellant must establish harm as well as error.[10] Here, the allegedly impermissible hearsay involved the trespass and stalking charges — the two offenses for which the trial court directed a verdict. Thus, we fail to see how Perdue was harmed by the admission of the testimony.

To the extent that the evidence may have impugned Perdue's character, we still find no harm. Where, as here, the defendant takes the stand and admits to leading police on a two-hour chase because he

---

[5] (Punctuation omitted.) *Long v. State*, 265 Ga. App. 605, 606 (1) (595 SE2d 93) (2004).

[6] See *Wilson v. State*, 277 Ga. 114, 117 (2) (587 SE2d 9) (2003); *King v. State*, 269 Ga. App. 373, 376 (3) (604 SE2d 230) (2004).

[7] See *McDonald v. State*, 256 Ga. App. 319, 322 (2) (568 SE2d 546) (2002).

[8] See OCGA § 24-3-3.

[9] (Punctuation omitted.) *Patel v. State*, 278 Ga. 403, 404-405 (2) (603 SE2d 237) (2004).

[10] See *In the Interest of B. B.*, 267 Ga. App. 360, 361 (1) (599 SE2d 304) (2004); *Howard v. State*, 267 Ga. App. 257, 258-259 (1) (599 SE2d 231) (2004); *Robinson v. State*, 259 Ga. App. 595, 598 (2) (578 SE2d 235) (2003); *Evans v. State*, 259 Ga. App. 9, 12-13 (4) (576 SE2d 27) (2002).

had violated his parole for a theft by receiving conviction, we doubt the admission of alleged hearsay regarding other crimes contributed to the verdict. This is especially true given that the jury acquitted Perdue of three of the five counts it considered, undermining Perdue's argument that his character was impugned to the extent it affected the verdict.

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED JANUARY 26, 2005.

*James W. Bradley*, for appellant.
*Keith C. Martin, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellee.