## A94A0490. MILLWOOD v. THE STATE.
### (447 SE2d 343)

SMITH, Judge.

Dewey D. Millwood appeals from the judgment and sentence entered on his plea of nolo contendere to a charge of driving under the influence. He contends the trial court is limited by OCGA §§ 40-6-391 (c) (1) and 40-6-391.1 to consideration of only those DUI convictions occurring within the past five years. Millwood had two prior DUI convictions, neither within the past five years.

The five-year limitation provided in OCGA §§ 40-6-391 and 40-6-391.1 is applicable by its terms to enhanced sentencing for multiple DUI convictions. See *State v. Bangley*, 209 Ga. App. 208 (433 SE2d 372) (1993). Millwood was not given enhanced sentencing: the sentence here was within the range permitted by OCGA § 40-6-391 (c) (1) for the first conviction within the previous five years. Moreover, Millwood's driving record contained three other traffic violations within five years. In sentencing, the trial court may consider any lawful evidence which tends to show the defendant's motive, lack of remorse, moral character or predisposition to commit other crimes. *Dotson v. State*, 179 Ga. App. 233, 234 (3) (345 SE2d 871) (1986). The trial court properly reviewed Millwood's entire driving record before accepting his plea of nolo contendere. OCGA § 40-6-391.1 (b) (2).

Millwood argues, without citation to authority, that his sentence was disproportionately severe for a first DUI offense. However, as the trial court correctly noted, this is not Millwood's first DUI offense, but his third. A sentence within the statutory limits is authorized. *Christian v. State*, 190 Ga. App. 667, 670 (4) (379 SE2d 807) (1989).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 1, 1994.

*Phillip N. Lavender*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Allison L.*

*Thatcher, Assistant Solicitors*, for appellee.