## S98A1702. LEE v. THE STATE.
### (513 SE2d 225)

FLETCHER, Presiding Justice.

Vincent T. Lee was found guilty of malice murder and possession of a firearm in the shooting death of Timothy Frazier.[1] He appeals contending that the trial court erred in admitting a statement of the victim under the "necessity exception." Although the admission of the statement was error, it was harmless beyond a reasonable doubt, and we affirm.

The evidence at trial showed that one week prior to the shooting Lee and his half-brother, Torrance "Booky" Hill, accused Frazier of stealing crack cocaine from them. On the day of the murder, Hill again accused Frazier of stealing the drugs and a fight ensued. Later that day, Hill went to his grandmother's house near the murder scene, said that he was going to kill someone, and fired a gun into the air. A short distance away, as Frazier parked a car, Hill and Lee approached Frazier. Lee had a gun and Frazier had one in his waistband behind his back. The three exchanged words and Frazier asked Lee to put away his gun and fight with fists. Frazier then gave his gun to a bystander, but Lee began firing at Frazier and continued shooting him until his gun was empty. Then Lee beat Frazier over the head with the gun.

1. After reviewing the evidence in the light most favorable to the

---

[1] The crime occurred October 21, 1993. The grand jury indicted Lee on August 23, 1994 for murder and for possession of a firearm during the commission of a felony. Following a jury trial, Lee was found guilty of both charges on June 16, 1995. The trial court sentenced him to life for malice murder and for a five year consecutive term for the possession charge. Lee filed a motion for new trial on June 27, 1995, which he amended on January 20, 1998 and June 24, 1998. The trial court denied the motion on June 26, 1998. Lee filed his notice of appeal on July 6, 1998, which was docketed in this Court on July 22, 1998 and orally argued on January 25, 1999.

jury's determination of guilt, we conclude that a rational trier of fact could have found Lee guilty of the crimes charged.[2]

2. During the state's redirect examination of Frazier's aunt, she testified that on the day of the shooting Frazier had told her that Hill and Lee had pointed guns at him previously. The trial court allowed this testimony in over Lee's objection on the basis of the necessity exception. The trial court ruled that because the speaker, Frazier, was dead, the evidence was admissible. The fact that the declarant is dead can never be sufficient in and of itself to admit hearsay statements against a criminal defendant.[3] Admissibility under the necessity exception requires the state to show that the evidence is "relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered."[4] The state must also demonstrate that the declarant's statement has "particular guarantees of trustworthiness."[5]

Neither test is met in this case. The state presented direct evidence of the animosity among the men because of Lee's accusation that Frazier had stolen drugs. The fact that Lee and Hill pointed guns at Frazier prior to the murder adds little to this evidence. Furthermore, the statement is not directly relevant to the central issue in the case, which was whether Lee was justified in shooting Frazier. Additionally, the evidence shows that Frazier had a motive to fabricate; he had been accused of stealing drugs and was defending his own behavior to his aunt. Finally, there are no positive factors in the record showing trustworthiness.[6] Therefore, we conclude that the trial court erred in admitting the testimony.

Nevertheless, we hold beyond a reasonable doubt that the error did not contribute to the verdict. The statement was cumulative of other evidence about Lee and Frazier's prior dispute, it did not touch upon the central issue in the case, and it could not have contributed to the verdict in light of the several eyewitnesses who testified that Lee shot Frazier without justification.

3. Lee contends that the state did not act in good faith when it asked Lee's character witnesses whether they knew that Lee sold drugs. We have previously held that when the state cross-examines a defendant's character witness, it must demonstrate that the questions are asked in good faith and based on reliable sources.[7] The state presented a witness who testified that he sold drugs for Lee. There-

---

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Idaho v. Wright*, 497 U.S. 805, 814-815 (110 SC 3139, 111 LE2d 638) (1990); *Roper v. State*, 263 Ga. 201, 202 (429 SE2d 668) (1993).

[4] *Chapel v. State*, 270 Ga. 151, 155 (510 SE2d 802) (1998).

[5] Id., quoting *Roper*, 263 Ga. at 202.

[6] See Paul S. Milich, *Georgia Rules of Evidence* § 19.32 (1995).

[7] *Christenson v. State*, 261 Ga. 80, 90-91 (402 SE2d 41) (1991).

fore, the trial court did not err in overruling Lee's objections to the state's cross-examination of the character witnesses.

4. Because Lee did not request a limiting instruction on the prior difficulties evidence, we will not reverse the trial court for failing to give one sua sponte.[8] However, we remind trial courts that the better practice is to give a limiting instruction when admitting prior difficulties or "similar transaction" evidence.[9]

5. Having reviewed the instructions to the jury as a whole, we find no reversible error in the charge regarding the burden of proof on Lee's self-defense claim.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 1999.

*Michael D. Reynolds,* for appellant.

*J. Gray Conger, District Attorney, Neal J. Callahan, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.

---

[8] See *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998); *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998).

[9] *Belt*, 269 Ga. at 765.