## A01A1681. LAREDO v. THE STATE.
(558 SE2d 742)

BLACKBURN, Chief Judge.

Miguel Angel Laredo was tried for battery, false imprisonment, simple battery, and two counts of rape. The trial court declared a mistrial on one rape count, and the jury convicted Laredo of the other rape count as well as the battery and false imprisonment charges. Laredo was acquitted of simple battery. All three convictions were for crimes that Laredo committed against his wife on the same day at different times.

After the expiration of time to file an appeal, Laredo was appointed new appellate counsel and was authorized by the trial court to file an out-of-time appeal. In this appeal, Laredo contends that the evidence was insufficient to sustain his conviction for false imprisonment. He also claims that his trial counsel provided ineffective assistance by failing to request a limiting instruction when the State introduced the prior difficulties evidence. After finding no legal basis for reversal, we affirm.

When viewed in the light most favorable to the verdict, the evidence established that even prior to their marriage in 1996, as early as September 1994, Laredo had begun a pattern of physically abusing the victim. In August 1999, while Laredo was in Mexico, the victim moved out of the couple's home with their three children. When Laredo returned and discovered what she had done, he intercepted the children at their babysitter's house and took them to his mother's home in Mexico. Laredo warned her that "[t]he only way he was going

to give me the kids back is for me to come back with him."

During the period of estrangement, as the victim returned from work on a Friday, while she was opening her apartment door, Laredo suddenly shoved her inside, pushed her down onto the floor, and then demanded sex. When she refused, Laredo beat her; then after tightening his belt around her neck, he raped her. After the rape, Laredo pinned her face beneath a pillow and kept her near him on Friday night as well as the remainder of the weekend. When asked whether she ever tried to leave, the victim responded, "[h]e wouldn't let me." She testified that she was afraid of what else he might do to her. Saturday morning, when she again refused to have intercourse, Laredo grabbed her, threatened to kill her, and coerced her to do so. Finally, on Monday morning, Laredo permitted her to leave so that she could go to work. Later that day, she sought help from Della Rivera, a bilingual friend, to whom she confided the details of her weekend-long ordeal. Rivera testified, "[s]he had a black eye. She had a bruise across her face, she had fingerprints on her throat. And she had bruises on her arms . . . where she was pinned to the floor with his knees." Having seen the injuries firsthand, Rivera agreed to accompany her to a police station to file a report. Officer Jesus J. Lopez would later recall seeing bruising on the victim's face, and he described her left cheek as purple and swollen. Based on the information obtained from the victim and Rivera, Laredo was arrested.

At trial, the victim described an earlier incident when Laredo suddenly attacked her, grabbed her by the hair from behind, pushed her down to the floor, and started hitting her in the face. That beating had left all of her face bruised and blackened. She described another incident when she was two months pregnant and Laredo hit her causing her to vomit blood. By her account, he "continually abused me."

Rivera detailed additional incidents of violence including one when Laredo had chased the victim into a parking lot, brandishing a belt. After another outburst, Rivera had to take the victim to a hospital because Laredo had struck his then pregnant wife in the stomach and she experienced vaginal bleeding. According to Rivera, at various times she had noticed the victim had black eyes and bruises on her face and arms. On his own initiative, Laredo's cellmate contacted the district attorney's office to express his willingness to testify that Laredo admitted having abused his wife and forcing her to have sex with him. At trial, he attested to those admissions including Laredo's statements that he had physically abused her while they lived in Texas and Georgia.

1. Laredo contends that the evidence was insufficient to support his conviction for false imprisonment. He claims that the State failed to offer any evidence that he locked the doors to the apartment or

physically restrained the victim or involuntarily confined her on Friday, the day specified in the indictment.

The essential elements of the crime of false imprisonment are: violating the personal liberty of another, by arresting, confining or detaining a person, without legal authority. OCGA § 16-5-41 (a). Here, the victim testified that after Laredo had raped her on Friday night, he would not allow her to leave the apartment. She described being fearful of what else he might do. Other evidence showed that Laredo had struck, beaten, and attacked her on prior occasions. Both Rivera and a police officer recalled seeing bruising on the victim's face shortly after her ordeal. From this evidence, a jury could find that Laredo deprived the victim of personal liberty by confining and detaining her without legal authority to do so. See *Grissom v. State*[1] (confinement in a bedroom for four hours after a rape was sufficient). Notwithstanding Laredo's contention to the contrary, this evidence was sufficient to sustain his conviction for false imprisonment. *Grier v. State.*[2]

2. Laredo contends that his trial counsel's performance was substandard because his counsel failed to seek a limiting instruction when the evidence of prior difficulties was introduced.

At the outset, we note that this ineffectiveness claim is arguably being made for the first time.[3] Nevertheless, when the record is sufficient, as here, an appellate court may decide ineffectiveness issues without remanding the case when the remand would waste judicial and legal resources and serve no useful purpose. *Elrod v. State.*[4]

To prevail on an ineffective assistance of counsel claim, an appellant must establish not only that his trial counsel's performance was deficient but also that the deficiency prejudiced his defense. *Pollard v. State.*[5] See also *Strickland v. Washington.*[6] Failure to satisfy both requirements is fatal to an ineffectiveness claim. *Brewer v. State.*[7] Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State.*[8]

When the State introduced evidence about the couple's prior difficulties, Laredo objected that the State had not provided proper notice of its intent to offer that evidence. The trial court correctly

---

[1] *Grissom v. State*, 187 Ga. App. 653, 654 (1) (371 SE2d 137) (1988).

[2] *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

[3] Laredo's initial appellate counsel filed a motion under *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), in which he sought to withdraw "from further representation of the defendant on the ground that an appeal would be wholly frivolous." The trial court then appointed new counsel who pursued this appeal.

[4] *Elrod v. State*, 222 Ga. App. 704, 705-706 (1) (475 SE2d 710) (1996).

[5] *Pollard v. State*, 230 Ga. App. 159, 161 (4) (495 SE2d 629) (1998).

[6] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997).

[8] *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

overruled his objection, finding that pre-trial notice was not required. *Wall v. State.*[9] Although pre-trial notice of this type of evidence was not required, in *Wall*, supra, the Supreme Court held that "the admission of such evidence should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence." Id. Here, Laredo's trial counsel failed to request a limiting instruction, and none was provided. Although the trial court did not commit reversible error by not providing, sua sponte, a limiting instruction, the better practice is for trial courts to give such an instruction whenever admitting prior difficulties evidence. *Lee v. State.*[10] Nevertheless, in light of the overwhelming evidence of his guilt, Laredo cannot show a reasonable probability that the outcome of his trial would have been different had his counsel requested the limiting instruction. *Landers v. State.*[11]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 7, 2002.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

[9] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).
[10] *Lee v. State*, 270 Ga. 626, 628 (4) (513 SE2d 225) (1999).
[11] *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).
[1] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).