## A03A0187. CUMMINGS v. THE STATE.
### (582 SE2d 231)

SMITH, Chief Judge.

Leon Cummings was indicted by a Chatham County grand jury for burglary, armed robbery, three counts of aggravated assault, and possession of a firearm during the commission of a felony, all in connection with a home invasion robbery. A jury found him guilty on all counts, his amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Cummings first complains of the trial court's denial of his motion in limine seeking to bar introduction of his videotaped statement to police, as well as his later motion for mistrial after the videotape was played for the jury. He contends that no legitimate purpose existed for introducing the statement because it was entirely exculpatory and that the only purpose for its introduction by the State was to place his character in evidence through his references to a murder with which he previously had been charged. We disagree.

Cummings's statement was not, as he contends, entirely exculpatory, nor was it irrelevant to the charges against him. One of the victims, a fourteen-year-old boy, positively identified Cummings by name as the perpetrator during a 911 call to police. During Cummings's statement, he first denied and then admitted knowing the victim; he also gave an account of the victim's family and his knowledge of the victim that coincided almost exactly with the victim's testimony.

"While appellant's statement may not have been a confession, it was nonetheless an incriminatory statement." *Colquitt v. State*, 196 Ga. App. 817, 818 (1) (397 SE2d 164) (1990); compare *Felder v. State*, 266 Ga. 574, 575 (2) (468 SE2d 769) (1996) (appellant's statement entirely exculpatory). The statement was relevant to show Cummings's acquaintance with this victim, despite his initial denials, and to corroborate the victim's account. Like the defendant in *Mayes v. State*, 229 Ga. App. 372 (494 SE2d 34) (1997), Cummings mentioned his other alleged offense "as part of his explanation of the reasons he would not have committed the offense" charged. Id. at 373 (2). "The references went to motive, intent and course of conduct, and as such were material and admissible. Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue." (Citations and punctuation omitted.) Id. at 373-374 (2); see also *Stevenson v. State*, 234 Ga. App. 103, 105

(2) (506 SE2d 226) (1998). Moreover, the trial court gave a contemporaneous limiting instruction to the jury, cautioning that jurors must consider the video statement only with respect to the incident for which Cummings was on trial and must "totally disregard" and draw no inferences from the mention of any other incident. See *Garcia v. State*, 267 Ga. 257, 258 (4) (477 SE2d 112) (1996).

2. Cummings contends the trial court erred in allowing an audiotape to be played at trial. This tape contained the statement of a witness who did not testify. Cummings not only failed to object at trial, as he acknowledges; his own counsel introduced the audiotape at Cummings's insistence and after a sidebar conference in which the issue was discussed and the trial court asked Cummings if he insisted on the tape being played. "It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. [Cit.]" *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (b) (503 SE2d 668) (1998).

3. Cummings also contends the trial court erred by charging the jury on motive as requested by the State. The State, however, did not submit a proposed charge, simply requesting that the trial court give "the pattern motive, whatever is customary." The trial court gave an abbreviated version of a pattern charge on motive, instructing the jury: "Ladies and gentlemen, evidence of motive, if any, is admitted for your determination as to whether or not it establishes the state of mind of any one at the time of the alleged incident or incidents." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed. 1991), p. 70.

Cummings makes a somewhat convoluted argument that the instruction was error because it was inconsistent with the indictment charging him with burglary "with the intent to commit a theft." He contends that the State's argument that he may also have been motivated by a desire to revenge himself on or intimidate the victims was inconsistent with the terms of the indictment and also "for all intents and purposes cancelled" the trial court's limiting instruction regarding his videotaped statement.

With respect to the indictment, evidence was presented that Cummings took money from one of the victims during the home invasion. Whether Cummings had an additional *motive* in committing that theft, to intimidate the victims, is a separate issue from his *intent* to commit the theft, and it is not an element of the crime charged in the indictment. The instruction itself draws this distinction. Moreover, after the videotape was played during the State's case-in-chief and before the State made its closing argument, Cummings, at his own insistence and against the recommendation of counsel, introduced substantial evidence supporting his own favored

theory of defense — that the victims were attempting to "frame" him because they believed he had murdered one of their relatives. This defense introduced the issue of Cummings's motive to the case, and he cannot complain that his own trial tactics necessitated a brief and neutral jury instruction on the issue or that the State saw fit to address it in closing argument. Under these circumstances, the charge was adjusted to the evidence and was not error.

4. Cummings asserts that the trial court erred "by failing sua sponte to rebuke the prosecutor" for a remark during closing argument: "So who do you believe, Mr. Booger Red[1] on the videotape with his elaborate conspiracy theory or the people who came in here and got cross examined by the Defense Attorney and told you what they saw under oath?" Once again, Cummings acknowledges that he failed to object at trial. *Waldrip v. State*, 267 Ga. 739, 751 (20) (482 SE2d 299) (1997) (waiver). Although he argues that the remark amounts to "plain error," as noted in Division 6 the prosecutor was not commenting on Cummings's failure to testify but explicitly on Cummings's videotaped statement which had been admitted into evidence. "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw inferences from the evidence, and the fact that the deductions may be illogical, unreasonable, or even absurd is a matter which may be addressed by opposing counsel in his or her closing argument." (Footnote omitted.) *Turner v. State*, 247 Ga. App. 775, 780 (6) (544 SE2d 765) (2001). While the prosecutor's argument conceivably could have been construed as contrasting the videotaped statement with the live testimony of other witnesses, and thus as a comment on Cummings's failure to testify, this oblique reference does not reach the high threshold of "plain error." See generally *Simmons v. State*, 251 Ga. App. 682, 686 (4) (555 SE2d 59) (2001).

5. Cummings contends the trial court erred in considering other criminal offenses at sentencing when the State had not given notice under OCGA § 17-10-2. Yet again, Cummings acknowledges that this issue was waived. Moreover, in its order denying the motion for new trial, the trial court observed that no evidence of other crimes was introduced at sentencing, no objection was made by Cummings, and the sentence was within the range permitted by statute. See generally *Millwood v. State*, 213 Ga. App. 419 (447 SE2d 343) (1994).

6. Finally, Cummings asserts that he was denied effective assistance of counsel in numerous respects. He complains of the introduction of the audiotape of a witness, failure to object to a comment by the prosecutor during closing argument, failure to modify a

---

[1] Cummings's "street name" was "Booger Red" or "B Red."

requested· pattern charge, and failure to object to evidence at sentencing.

To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. See generally *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (541 SE2d 634) (2001).

(a) As to the audiotaped witness statement, trial counsel testified that Cummings himself insisted on the tape's admission, though counsel advised against it. Similarly, Cummings insisted that this witness be examined at trial and then changed his mind at the last moment, after she took the witness stand and was sworn. While trial counsel favored a misidentification defense, Cummings wanted to present the theory that the accusations against him were the result of a vendetta by the family of the murder victim in the unrelated case. Trial counsel testified, "If it was up strictly to me I would have not gone into Mr. Cummings's other theory, but he was very demanding about having that other theory presented through the video tape."

"After having been informed, the defendant, and not his· attorney, makes the ultimate decision about what line of defense to· pursue. Thus, trial counsel is not ineffective when, contrary to his recommendation, the client elects to abandon one defense and to assert another." (Citations and punctuation omitted.) *Wright v. State*, 276 Ga. 419, 421 (5) (a) (577 SE2d 582) (2003).

(b) As to trial counsel's failure to object to the prosecutor's closing argument, Cummings contends the prosecutor improperly commented on his failure to testify. But on the motion for new trial, trial counsel testified and the trial court found that the prosecutor was commenting not upon Cummings's failure to testify but his statements in the videotaped police interview, which was admitted into evidence. As noted in Division 4, while the prosecutor's comment might have been interpreted as an oblique reference to Cummings's failure to testify, the trial court's decision was supported by some evidence and was not clearly erroneous. *Williams v. State*, 254 Ga. App. 8, 12 (3) (a) (561 SE2d 149) (2002).

(c) Cummings also complains that trial counsel was ineffective in failing to request that the phrase "the level of certainty demonstrated by the witness as to his or her identification" be stricken from

the pattern charge on identification. But the argument that this phrase is improper was recently rejected by this court in *Armstead v. State*, 255 Ga. App. 385, 386-389 (2) (565 SE2d 579) (2002). Failure to raise a meritless objection cannot constitute ineffective assistance of counsel. *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002). The same is true for Cummings's complaint regarding the alleged introduction of evidence of other crimes at sentencing. See Division 5, supra.

"Decisions regarding which witnesses to call and all other trial strategies are the exclusive province of the attorney after consultation with his client. [Cit.]" *Parrish v. State*, 237 Ga. App. 274, 284 (10) (514 SE2d 458) (1999). Here, trial counsel's decisions were either strategic in nature and/or the result of Cummings's insistence. They were not the result of inadequate preparation. The trial court's decision to deny Cummings's ineffective assistance of counsel claim is not clearly erroneous, and we must therefore affirm.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 15, 2003 — 

*Jackson & Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.