A03A1328. MELSON v. THE STATE.
(588 SE2d 822)

MILLER, Judge.

A jury found Mickey David Melson guilty of one count of aggravated battery, one count of aggravated assault, and two counts of battery, all of which arose out of a domestic dispute. Following the denial of his motion for new trial, Melson appeals, arguing that the trial court erred in admitting evidence of prior difficulties between Melson and one of the victims, and in prohibiting cross-examination of the same victim as to her first offender status. Melson also contends that he was denied effective assistance of counsel. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence showed that during a domestic dispute, Melson hit his girlfriend several times in the face with his fist, and then hit her across the face with a hard plastic mug, cutting her face open from lip to chin.[1] At trial the girlfriend was questioned as to whether Melson had hit her in the past, and she responded by describing three separate occasions when Melson had attacked her. She stated that Melson had previously pushed her down some stairs, fracturing her arm, had knocked her down with his truck and then ran over her legs, and had hit her and fractured her arm again. Melson argues that it was error to allow such testimony because evidence of prior difficulties must be relevant to prove a material issue in dispute, and that the issue in dispute in this case was "one of degree of the offense committed, not the identity of Appellant as the perpetrator."

Contrary to Melson's argument, however,

[e]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's

---

[1] The evidence also showed that Melson hit a male victim's head with a lamp during the dispute.

motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

*Lance v. State,* 275 Ga. 11, 19 (16) (560 SE2d 663) (2002), quoting *Wall v. State,* 269 Ga. 506, 509 (2) (500 SE2d 904) (1998); see also *McDonald v. State,* 256 Ga. App. 319, 321 (1) (568 SE2d 546) (2002). Thus, the court did not err in admitting such evidence. *McDonald,* supra, 256 Ga. App. at 321 (1).

2. Melson argues that the trial court erred in refusing to allow the defense to cross-examine the girlfriend concerning possible bias in favor of the State based on her first offender sentence. He contends that this prohibition violated his constitutional right to cross-examination.

While it is true that a first offender sentence cannot be used to impeach the first offender on general credibility grounds because no adjudication of guilt has been entered (*Smith v. State,* 276 Ga. 263, 264 (2) (577 SE2d 548) (2003)), "the defendant is entitled to attack the credibility of the witness by showing that the pending charges reveal a possible bias, prejudice, or ulterior motive on the part of the witness to give untruthful or shaded testimony in an effort to please the State." (Citation omitted.) *Scott v. State,* 242 Ga. App. 850, 851 (527 SE2d 210) (1999). Therefore, Melson should have been allowed to cross-examine the victim as to her first offender status to show possible bias. See *Smith,* supra, 276 Ga. at 265 (2) (defendant should have been allowed to cross-examine witness regarding witness's first offender treatment to show bias).

However, "it is fundamental that harm as well as error must be shown for reversal." (Citation omitted.) *Matthews v. State,* 268 Ga. 798, 803 (4) (493 SE2d 136) (1997). Here, the girlfriend and a paramedic on the scene testified that Melson hit the girlfriend with his fist and with a mug. Several witnesses testified as to the girlfriend's injuries suffered as a result. Therefore, any error would have been harmless given the overwhelming evidence against Melson. It is highly probable that the failure to allow the defense an opportunity to cross-examine the girlfriend on the first offender matter did not contribute to the jury's verdict. See id.

3. Melson argues that he received ineffective assistance of counsel due to his trial counsel's failure to request a limiting instruction on the introduction of evidence of prior difficulties. To prevail on a claim of ineffective assistance of counsel, defendant must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Laredo v. State,* 253 Ga. App. 155, 157 (2) (558 SE2d 742) (2002). "Failure to satisfy either prong of the *Strick-*

*land* standard is fatal to an ineffective assistance claim. The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citations and punctuation omitted.) *Cummings v. State*, 261 Ga. App. 281, 284 (6) (582 SE2d 231) (2003).

Melson is correct that the admission of evidence of prior difficulties should be accompanied by an instruction from the trial court explaining the limited use to which the jury may put such evidence. *Wall*, supra, 269 Ga. at 509 (2). Here, Melson's counsel failed to request such an instruction, and none was given. However, just as in *Laredo*, supra, 253 Ga. App. at 158 (2), and as stated in Division 2, the evidence of Melson's guilt is overwhelming. Thus, Melson has not satisfied the second prong of *Strickland* in that he has failed to show that there is a reasonable probability that the outcome of his trial would have been different had trial counsel requested a limiting instruction. See *Laredo*, supra, 253 Ga. App. at 158 (2); see also *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 16, 2003.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Brian K. Fortner, Assistant District Attorney*, for appellee.