A03A2414. WRIGHT v. THE STATE.
(595 SE2d 664)

ADAMS, Judge.

Robert Lee Wright was convicted by a jury of the sale of a controlled substance. This Court affirmed his conviction in an unpublished opinion, *Wright v. State*, 250 Ga. App. XXVI (2001), but remanded for a hearing on his claim of ineffective assistance of trial counsel. Following that hearing, the trial court denied Wright's motion for new trial based on his ineffective assistance claim and denied his motion for funds to hire an expert. Wright appeals these adverse rulings.

1. Wright contends his trial counsel was ineffective.

To prevail on a claim of ineffective assistance of counsel, defendant must show that his attorney's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Laredo v. State*, 253 Ga. App. 155, 157 (2) (558 SE2d 742) (2002). "Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citations and punctuation omitted.) *Cummings v. State*, 261 Ga. App. 281, 284 (6) (582 SE2d 231) (2003).

*Melson v. State*, 263 Ga. App. 647, 648-649 (3) (588 SE2d 822) (2003).

(a) Wright first contends that his trial counsel was ineffective because he did not file a motion to suppress the eyewitness identification testimony of Agents Warenzak and Dillard and the paid informant, Ricky Johnson. "Because the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel, an appellant must make a 'strong showing' that the evidence would have been suppressed had the motion been filed." *Quinn v. State*, 255 Ga. App. 744, 749 (5) (566 SE2d 450) (2002).

Trial counsel testified that he did not believe a motion to suppress would have been granted under the facts of this case, and that his trial tactic with regard to this evidence was to highlight the discrepancies in the testimony of the three witnesses during cross-examination. Wright argues, however, that trial counsel should have also filed a motion to suppress the evidence because "[c]ounsel was . . . aware of the horrendous problems with the identification procedures used, which gave rise to a substantial likelihood of irreparable misidentification, such that the in-court identification can not be found to have an independent origin and should have been excluded."

> Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. [Cits.] In fact, even where a pretrial identification has been found to be tainted, a subsequent in-court identification is admissible if it does not depend on the prior, tainted identification but has some other, independent basis. [Cits.]

*Tiller v. State*, 222 Ga. App. 840, 841 (476 SE2d 591) (1996).

Although Wright argues that the pretrial identification procedures used with both Agent Dillard and the paid informant were impermissibly suggestive, both witnesses testified that their in-court identification was based on their close observation of Wright. Specifically, the informant testified that he was in the hotel room during the drug buy, that he stood within "reaching distance" of Wright, and that his identification of Wright at trial was based on observing him during the drug transaction. And Agent Dillard testified that he observed Wright enter the hotel room where the drug buy occurred, that Wright ran directly toward him when he exited the room, and that they were face to face at this time. Dillard identified Wright at trial based on these observations. Further, Dillard testified that he knew Wright by his street name. Because the testimony of the witnesses established that the in-court identifications had an independent origin apart from any allegedly suggestive pretrial procedures,

Wright has failed to meet his burden of making a strong showing that a motion to suppress the identification testimony would have been meritorious. *Wynn v. State*, 252 Ga. App. 648, 650 (3) (556 SE2d 863) (2001); *Parker v. State*, 244 Ga. App. 419, 424 (9) (535 SE2d 795) (2000).

Wright further argues that the testimony of Agent Warenzak, who conducted the drug buy, should have been suppressed because his description of the person who sold the drugs did not sufficiently match Wright's physical characteristics. However, as the trial court noted, this discrepancy does not render the agent's identification unreliable. *Rivers v. State*, 225 Ga. App. 558, 562 (3) (484 SE2d 519) (1997). Further, the transcript reveals Warenzak had ample opportunity to observe Wright during the buy, and he testified at trial that his in-court identification of Wright was based upon his personal observation during the transaction. Under these circumstances, Wright has failed to make a strong showing that a motion to suppress would have resulted in the exclusion of Agent Warenzak's identification testimony.

(b) Wright also contends that trial counsel was ineffective for failing to seek funds to retain an expert for the purpose of providing expert testimony on the reliability of eyewitness identifications. Trial counsel testified at the motion for new trial hearing that he was very familiar with the use of experts in this area, that he believed there were risks involved in using such experts — such as the State using them to its advantage — and that his trial tactic was to rely on a thorough cross-examination of the witnesses. This tactical decision did not equate with ineffective assistance of counsel. *Williams v. State*, 259 Ga. App. 742, 747 (7) (a) (578 SE2d 128) (2003). This is especially true since the admission of this evidence lies within the sound discretion of the trial court, and there is nothing to guarantee that such evidence, even if available, would have been allowed. See also *Darnell v. State*, 257 Ga. App. 555, 559 (7) (b) (571 SE2d 547) (2002).

Furthermore, the trial court found, and we agree, that the outcome of the case would not have been different had this evidence been available. "To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant 'is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case.' (Citation and punctuation omitted.) *Ware v. State*, 273 Ga. 16, 17 (3) (537 SE2d 657) (2000)." *Cupe v. State*, 253 Ga. App. 851, 856 (3) (e) (560 SE2d 700) (2002). Wright contends that an expert would have helped the jury evaluate the reliability of the eyewitnesses' identification by testifying in three areas: system variables, which are matters largely under the control of law enforcement officers; cross-racial identifica-

tion and acute stress; and confidence and reliability. Although, as the trial court noted, a key element of the State's case against Wright was the identification testimony, this is not a case where only one witness testified as to the identity of the perpetrator, where the only eyewitness identifications were cross-racial, or where the identification testimony was the only evidence presented by the State. Here, three witnesses, two of whom were trained and experienced law enforcement officers with extensive experience in surveillance and undercover work, identified Wright at trial. Both Agent Dillard and Wright are African-American, and Agent Dillard testified he knew Wright by his street name. Lastly, in addition to the eyewitness testimony, an audiotape of the drug buy was played for the jury at trial. Thus, while the expert testimony may have been beneficial, Wright has failed to show that the outcome would have been different had trial counsel sought funds to obtain an expert on identification testimony.[1]

(c) Wright next contends that trial counsel was ineffective because he did not request that the phrase "the level of certainty demonstrated by the witness as to his or her identification" be excluded from the pattern charge on eyewitness identification. "But the argument that this phrase is improper was recently rejected by this court in *Armstead v. State*, 255 Ga. App. 385, 386-389 (2) (565 SE2d 579) (2002). Failure to raise a meritless objection cannot constitute ineffective assistance of counsel. *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002)." *Cummings*, 261 Ga. App. at 285 (6) (c).

(d) Wright argues that trial counsel was ineffective by failing to impeach Agent Warenzak with his written report, which refers to two unknown black males in the motel room during the drug buy. However, the record reveals that trial counsel did attempt to impeach Warenzak about this apparent discrepancy, and that he referred to this purported discrepancy during his closing argument. As the trial court noted, it is well-settled law that "such matters as the examination of witnesses are grounded in matters of trial tactics and strategy and do not provide a basis for finding counsel lacking. Such tactical decisions do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Turner v. State*, 245 Ga. App. 294, 296 (4) (c) (536 SE2d 814) (2000).

---

[1] We would note further that the case of *Brodes v. State*, 250 Ga. App. 323, 325 (551 SE2d 757) (2001), in which we held that the trial court abused its discretion in excluding expert testimony on eyewitness identification, does not require a different result. First, *Brodes* concerned the admissibility of available evidence, not whether funds should have been sought to obtain such evidence. Moreover, *Brodes* is distinguishable on its facts, because in that case the identification was cross-racial, no other evidence tied the defendant to the crime, and no evidence corroborated the testimony of the victims.

2. Lastly, based on our holding in Division 1 (b), the trial court did not err by denying Wright's request for funds to hire an expert on eyewitness identification to assist in presenting his claim that trial counsel was ineffective for failing to make such a request. See *Dewberry v. State*, 271 Ga. 624, 627 (523 SE2d 26) (1999). And, as noted above, *Brodes v. State*, 250 Ga. App. 323 (551 SE2d 757) (2001), does not require a different result, as the issue in *Brodes* was whether the trial court erred in excluding the *available* expert testimony, not whether the trial court should have granted an indigent defendant the funds to retain such an expert.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 25, 2004 

*Jackson & Schiavone, Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.