## A06A1076. WHITT v. THE STATE.
### (635 SE2d 270)

JOHNSON, Presiding Judge.

A jury found Gary Whitt guilty of possession of a firearm by a convicted felon and carrying a concealed weapon. The trial judge sentenced Whitt to serve five years in confinement for the first offense and twelve months in confinement for the concealed weapon offense. Whitt appeals, challenging only his conviction for possession of a firearm by a convicted felon.

Whitt's sole argument is that the trial court erred in rejecting his offer to stipulate that he is a convicted felon and in instead allowing the state to introduce evidence of his prior conviction for aggravated child molestation. The state concedes that under the authority of *Ross v. State*[1] the trial court did err in refusing Whitt's stipulation offer. But as in *Ross*, the state argues, the error was harmless in light of the overwhelming evidence of Whitt's guilt. We agree with the state's argument and thus affirm the conviction.

In *Ross*, the Supreme Court announced the rule that under certain circumstances it is error for a trial court to reject a defendant's offer to stipulate to a prior conviction.

> [W]e hereby set forth the limited rule that when (1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon, then it is an abuse of discretion for the trial court to spurn the defendant's offer to stipulate to his prior conviction and admit the evidence to the jury.[2]

In *Ross*, the Supreme Court went on to find that the trial court had abused its discretion in rejecting the defendant's offer to stipulate to his prior conviction for enticing a child for indecent purposes since evidence of that conviction was unnecessary to prove anything other than the defendant's status as a convicted felon and such evidence could raise the risk of a verdict tainted by improper considerations.[3] Likewise, in the instant case, Whitt's prior conviction for aggravated child molestation is of the nature that is likely to inflame a jury and risk a conviction based on improper considerations. And since the purpose of any evidence of that conviction was solely to

---

[1] 279 Ga. 365 (614 SE2d 31) (2005).
[2] (Footnote omitted.) Id. at 368 (2).
[3] Id.

prove Whitt's status as a convicted felon, the trial court abused its discretion in rejecting Whitt's offer to stipulate to his prior conviction.

Nevertheless, the erroneous admission of evidence is harmless where it is highly probable that the error did not contribute to the verdict in light of the otherwise overwhelming evidence of guilt.[4] In the instant case, it is undisputed that Whitt is a convicted felon and was found by police to be in possession of a firearm. The state's uncontradicted evidence established that two police officers responded to an early morning call at a motel. One of the officers found Whitt coming out of the motel room in question holding a large bottle of beer. Upon seeing a small knife and large bulge in Whitt's right front pants pocket, the officer conducted a pat-down search and found a .38 caliber pistol in the pocket. The officer also retrieved the small knife from Whitt, as well as another larger knife with a brass knuckle grip that was tucked into his waistband at the small of his back.

Whitt was the only defense witness, and he admitted possessing the gun, but claimed that he had merely taken it from a young man in the motel room who had been threatening to commit suicide. According to the two police officers, however, they found no evidence of an attempted suicide and allowed the young man in question to leave the motel.

Due to the overwhelming evidence of Whitt's guilt, we find it highly probable that the improper evidentiary admission did not contribute to the verdict and thus constitutes harmless error.[5] Accordingly, there is no basis for overturning Whitt's conviction for possession of a firearm by a convicted felon.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 3, 2006 — ▉▉▉▉▉▉▉▉▉

*Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.

---

[4] *McDonald v. State*, 256 Ga. App. 319, 321 (1) (568 SE2d 546) (2002).
[5] See *Ross*, supra at 368 (3).