**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 16, 2012**

# In the Court of Appeals of Georgia

A12A0988. LOWE v. THE STATE.

BOGGS, Judge.

Richard Bernard Lowe was indicted on one count of child molestation and one count of incest upon his 14-year-old niece, T. L. In a second indictment, he was charged with one count of child molestation upon his 13-year-old niece, G. L. Following a trial on both indictments, the jury acquitted Lowe of child molestation involving G. L. but found him guilty of child molestation and incest with respect to T. L. The trial court denied his motion for new trial, and he appeals. In his sole enumeration of error, Lowe argues that the trial court erred when it allowed evidence of prior convictions without an express finding that the evidence was more probative than prejudicial. In light of the overwhelming evidence of Lowe's guilt, however, we need not address this question. We therefore affirm.

Lowe testified in his own defense, and, during his direct examination, the following exchange occurred:

> Q: Under indictment number 09CR-0271, you're charged with one count of child molestation. It alleges that between the 19th of September 2008, and the 20th of September 2008, you committed an immoral and indecent act to [G. L.], by touching her on the buttocks and placing the child's hand on your penis. Did that happen?
>
> A: No, sir.
>
> Q: Do you have any idea why these two girls would make this up?
>
> A: I don't know. I tell you about that thing, when it first came at me, I was like – it – even then it bothered me, for the simple fact that because I took too much time to try and do things right, for people and to other people, you know. I still do – even now I find myself wanting to figure out why this [is] happening, because like I say, all I did most of the time was work, help people all the time, and stay at home and try and take care of home, make sure everything was taken [c]are of. That was it. That's all I do now. I mean, even if I was – if I had [the] opportunity now, these are the things I would do even now.

During the State's cross-examination, the prosecutor asked that the jury be excused to determine whether Lowe had elected to put his character in issue by this testimony. Based on Lowe's assertion that he "took too much time to try and do

things right, for people and to other people," and without any finding that the evidence would be more probative than prejudicial, the trial court permitted the prosecutor to cross-examine Lowe on his four previous convictions. The prosecutor questioned him regarding a prior conviction in 1989 for obstruction of police officers, a 1991 guilty plea to aggravated sodomy, and 1994 guilty pleas to the sale of a controlled substance and possession of a controlled substance with intent to distribute. After deliberating for only 21 minutes, the jury found Lowe guilty of incest and child molestation with respect to T. L. but found him not guilty of the child molestation charge with respect to G. L.

Lowe contends that the trial court erroneously allowed evidence of prior convictions to be heard by the jury without an express finding that the evidence was more probative than prejudicial. See OCGA § 24-9-84.1 (a) (2). But pretermitting whether the trial court erred by allowing the State to cross-examine Lowe on his previous convictions, we need not address that question because Lowe "must show harm as well as error." (Citation and footnote omitted.) *Rubi v. State*, 258 Ga. App. 815, 819 (4) (575 SE2d 719) (2002). "The erroneous admission of evidence is harmless where it is highly probable that the error did not contribute to the verdict in light of the otherwise overwhelming evidence of guilt." (Citation and footnote

3

omitted.) *Whitt v. State*, 281 Ga. App. 3, 4 (635 SE2d 270) (2006) (erroneous admission of evidence of prior conviction harmless when evidence of guilt overwhelming).

The record contains overwhelming evidence that Lowe is guilty of both incest and child molestation based on multiple acts of sexual intercourse with T. L. between June 1, 2008, and August 31, 2008. Not only did T. L. testify to these incidents, but a forensic biologist testified that DNA evidence collected from T. L., her baby, and Lowe indicated that the baby's paternal DNA matched Lowe's in all 16 locations examined. In addition, the biologist testified that the DNA evidence revealed a very rare allele[1] present in both Lowe and the baby, which established a 99.9980 per cent probability that Lowe was the father of T. L.'s baby. Even if Lowe's prior convictions had been excluded from evidence, there is no reasonable probability that the outcome would have been different given the overwhelming evidence of Lowe's guilt. *Goldey v. State*, 289 Ga. App. 198, 198-99 (1) (656 SE2d 549) (2008) (failure to redact allegedly prejudicial evidence, even if error, was harmless when evidence of child

---

[1]Each location in a DNA profile contains two alleles, one from each parent. According to the witness, the allele in question is so rare that a statistical measure cannot be calculated for its occurrence in the general population and its presence can only be attributed to an immediate familial relationship.

molestation, enticing a child, and exhibiting pornography to a minor was overwhelming; highly probable that disputed evidence did not contribute to verdict).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*